Judge McMahon

**07 CIV 8256**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY         :
COMMISSION,                          :   ECF CASE
                                     :
                                     :   Civil Action No.
                    Plaintiff,       :
                                     :   SEP 24 2007
            - against -              :   COMPLAINT
                                     :   U.S.D.C. S.D. N.Y.
                                     :   CASHIERS
TAVERN ON THE GREEN LTD. P'SHIP      :
(D/B/A TAVERN ON THE GREEN),         :   JURY TRIAL DEMAND
                                     :
                    Defendant.       :
------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Martha Nyakim Gatkuoth and other similarly situated employees, who have been affected by such unlawful practices. As alleged with greater specificity below, the Equal Employment Opportunity Commission charges that Ms. Gatkuoth and other similarly situated employees have been subjected to harassment on the basis of their sex, female, race, Black, and/or national origin, Hispanic, by Defendant Tavern on the Green ("Defendant"). Furthermore, as alleged with greater specificity below, Defendant unlawfully retaliated against Ms. Gatkuoth and other similarly situated employees, who are female, Black, and/or Hispanic, when they objected to the unlawful harassment.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1)

and (3) and 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6.

4. At all relevant times, Defendant has continuously been a limited partnership doing business in the State of New York, the county of New York, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ms. Gatkuoth filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 1999, Defendant has engaged in unlawful employment practices in violation of Section 703(a) and Section 707 of Title VII, 42 U.S.C. § 2000e-2 and 2000e-6. These practices include, but are not limited to, the following:

A.  Defendant's former Director of Operations Leon Drogy engaged in severe and pervasive harassment of Ms. Gatkuoth on the basis of her sex, female, and/or race, Black. Such sexual and racial harassment include, but is not limited to, the following unwelcome conduct: frequent sexual comments such as wanting to "fuck black pussy" and wanting to know whether "black pussy" was "smooth;" frequent demands that Ms. Gatkuoth touch and suck his penis and otherwise engage in sexual acts with him; and repeated sexual touching such as the grabbing of Ms. Gatkuoth's buttocks and breasts.

B.  Defendant's former Director of Operations Leon Drogy engaged in severe and pervasive harassment of other female employees on the basis of their sex by subjecting them to unwelcome sexual conduct, including, but not limited to, frequent comments of a sexual nature, including demands for sexual favors, and/or unwelcome sexual contact.

C.  Defendant's former Director of Operations Leon Drogy engaged in severe and pervasive harassment of black employees on the basis of their race by, among other acts, frequently calling black employees "niggers" and calling black female employees "fucking niggers" and "fucking bitches."

D.  Defendant's former Director of Operations Leon Drogy engaged in severe and pervasive harassment of Hispanic employees on the basis of their national origin by, among other acts, repeatedly calling Hispanic employees "spics," "fucking immigrant," and/or "ignorant immigrant," and ridiculing their Spanish accents.

E.  Defendant's other managers, as well as non-managerial employees, have also engaged in sexual, racial and/or national origin harassment.

F.  Defendant knew or should have known of the severe and pervasive harassment, yet failed to exercise reasonable care to prevent and correct promptly the harassing behavior.

3

8. Defendant has engaged in unlawful employment practices in violation of Section 704 and Section 707 of Title VII, 42 U.S.C. Section 2000e-3 and 2000e-6 by retaliating against Ms. Gatkuoth and other similarly situated employees, who are female, Black, and/or Hispanic, when they refused to consent to and/or objected to the unlawful harassment. Such retaliation, includes, but is not limited to, denial of additional work, denial of lucrative assignments, and reduction of pay.

9. The effect of the practices complained of above has been to deprive Ms. Gatkuoth and other similarly situated employees, who are female, Black, and/or Hispanic, of equal employment opportunities and otherwise adversely affect their status as an employee because of their sex, race, and/or national origin.

10. The unlawful employment practices complained of above were intentional.

11. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Gatkuoth and other similarly situated employees, who are female, Black, and/or Hispanic.

## **PRAYER FOR RELIEF**

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex female, race, Black, and/or national origin, Hispanic.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, Blacks, and Hispanics and which eradicate the effects of its past and present unlawful employment practices.

Case 1:07-cv-08256-AJP   Document 1   Filed 09/24/07   Page 5 of 6

C.  Order Defendant to make whole Ms. Gatkuoth and other similarly situated employees, who are female, Black, and/or Hispanic, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices including, but not limited to, front pay or reinstatement.

D.  Order Defendant to make whole Ms. Gatkuoth and other similarly situated employees, who are female, Black, and/or Hispanic, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E.  Order Defendant to make whole Ms. Gatkuoth and other similarly situated employees, who are female, Black, and/or Hispanic, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above including, but not limited to, pain, suffering, and humiliation in amounts to be determined at trial.

F.  Order Defendant to pay Ms. Gatkuoth and other similarly situated employees, who are female, Black, and/or Hispanic, punitive damages for Defendant's malicious and reckless conduct described above in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

5

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington D.C. 20507

_____
Elizabeth Grossman (EG 2478)
Regional Attorney

Lisa Sirkin
Supervisory Trial Attorney

_____
Kam S. Wong (KW7176)
Senior Trial Attorney
Equal Employment Opportunity
Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, N.Y. 10004
(212) 336-3703
(212) 336-3623 (facsimile)
kam.wong@eeoc.gov

6