Derek Wolman (DW 9720)
Susan M. Smith (SS 8649)
SNOW BECKER KRAUSS P.C.
605 Third Avenue, 25th Floor
New York NY 10158
(212) 687-3860
Attorneys for Plaintiff-Intervenor, Nyakim Gatkuoth

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-----------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY       :       **ECF CASE**
COMMISSION,                        :
                                   :       **Civil Action No: 07 CV 8256**
                     Plaintiff,    :
                                   :
         -against-                 :
                                   :
TAVERN ON THE GREEN LTD. P'SHIP    :
(D/B/A TAVERN ON THE GREEN),       :
                                   :
                     Defendant.    :
-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF-INTERVENOR'S MOTION
TO INTERVENE AS OF RIGHT**

                                        Attorneys for Plaintiff-Intervenor
                                        Nyakim Gatkuoth
                                        605 Third Avenue, 25th Floor
                                        New York, New York 10158
                                        (212) 687-3860

*Of Counsel:*
  Derek Wolman, Esq.
  Susan M. Smith, Esq.

1

## Table of Contents

PRELIMINARY STATEMENT ..................................................................................................4

ARGUMENT ..................................................................................................................................5

    POINT I ........................................................................................................................................5

        PLAINTIFF-INTERVENOR MAY INTERVENE AS OF RIGHT AND THE
INSTANT MOTION IS TIMELY MADE ...............................................................................5

        A.    Plaintiff-Intervenor Satisfies the Criteria of Rule 24(a)(1) ............................5

        B.    Plaintiff-Intervenor Satisfies the Criteria of Rule 24(a)(2) ............................6

        C.    The Motion is Timely .........................................................................................7

CONCLUSION ................................................................................................................................7

# Table of Authorities

**Cases**

EEOC v. Die Fliedermaus. LLC., 77 F.Supp.2d 460, 469 (S.D.N.Y. 1999) (quoting General Tel. Co. v. EEOC, 446 U.S. 318, 326 (1980)) ..................................................................6
EEOC v. New York Times Co., 1994 WL 389099 (S.D.N.Y. 1994) ..............................................6
Spirit v. Teachers Ins. and Annuity Ass'n, 93 F.R.D. 627, 640 (S.D.N.Y. 1982) .........................5

**Rules**

42 U.S.C §2000e-5(f)(1) ...................................................................................................................3
42 U.S.C. § 2000e-5(f)(1) ................................................................................................................2
42 U.S.C. §2000e-5(f)(1) .................................................................................................................4
614 F.2d 520, 525 (5th Cir. 1980) (citing, McClain v. Wagner Electric Corp., 550 F.2d 1115 (8th Cir. 1977)) ..................................................................................................................3
691 F.2d 1054 (2nd Cir. 1982) ........................................................................................................3
Fed. R. Civ. P. 24(a) .....................................................................................................................2, 3
Fed.R. Civ. P. 24(a)(1) .....................................................................................................................4
Rule 24(a)(2) ....................................................................................................................................3

Derek Wolman (DW 9720)
Susan M. Smith (SS 8649)
**SNOW BECKER KRAUSS P.C.**
605 Third Avenue, 25th Floor
New York NY 10158
(212) 687-3860
Attorneys for Plaintiff-Intervenor, Nyakim Gatkuoth

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
----------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY         :     <u>ECF CASE</u>
COMMISSION,                                                   :
                                                                              :     **Civil Action No: 07 CV 8256**
                                   Plaintiff,                      :
                                                                              :
              -against-                                          :
                                                                              :
TAVERN ON THE GREEN LTD. P'SHIP    :
(D/B/A TAVERN ON THE GREEN),              :
                                                                              :
                                   Defendant.                   :
----------------------------------------------------------------x

## PRELIMINARY STATEMENT

Plaintiff-Intervenor NYAKIM GATKOUTH ("Plaintiff-Intervenor" or "Ms. Gatkuoth") hereby submits this memorandum of law in support of her motion to intervene as of right in the instant action under Fed. R. Civ. P. 24(a) and 42 U.S.C. § 2000e-5(f)(1). The relevant facts and circumstances surrounding the motion are set forth in the accompanying affirmation of Plaintiff-Intervenor's counsel, Derek Wolman, Esq., (the "Wolman Affd."), and in the proposed complaint annexed thereto as **Exhibit "A."**

For the reasons set forth herein and in the accompanying papers, as Ms. Gatkuoth is entitled to intervene as of right, and as this motion is timely made, the application should be granted and Ms. Gatkuoth permitted to intervene.

## ARGUMENT

### POINT I

### PLAINTIFF-INTERVENOR MAY INTERVENE AS OF RIGHT AND THE INSTANT MOTION IS TIMELY MADE

Pursuant to Fed. R. Civ. P. 24(a):

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

There is no doubt that the instant motion is timely made and that plaintiff-Intervenor has an unconditional right to intervene. In addition, or alternatively, she is entitled to intervene under Rule 24(a)(2).

**A.     Plaintiff-Intervenor Satisfies the Criteria of Rule 24(a)(1)**

There can be no dispute that 42 U.S.C §2000e-5(f)(1) confers upon Ms. Gatkuoth an unconditional statutory right to intervene in this matter as the EEOC has already commenced an enforcement action against the corporate defendant. Indeed, it is this right that necessarily bars Ms. Gatkuoth from seeking redress independently in another court. See, e.g., Truvillion v. King's Daughters Hosp., 614 F.2d 520, 525 (5th Cir. 1980) (*citing*, McClain v. Wagner Electric Corp., 550 F.2d 1115 (8th Cir. 1977)). Courts in this Circuit have acknowledged that, "Title VII does confer upon certain persons an unconditional right to intervene in an enforcement action brought by the EEOC." Spirit v. Teachers Ins. and Annuity Ass'n, 93 F.R.D. 627, 640 (S.D.N.Y. 1982),

5

rev'd in part on other grounds, 691 F.2d 1054 (2nd Cir. 1982); *see, also*, EEOC v. New York Times Co., 1994 WL 389099 (S.D.N.Y. 1994).

In addition, as another court in this Circuit has stated, after noting the right to intervene in EEOC enforcement actions brought under Title VII, "Title VII does not foreclose an individual claim simply because the action was instituted by the EEOC. Rather, "the EEOC's civil suit [is] intended to supplement, not replace, the private action." EEOC v. Die Fliedermaus, LLC., 77 F.Supp.2d 460, 469 (S.D.N.Y. 1999) (*quoting*, General Tel. Co. v. EEOC, 446 U.S. 318, 326 (1980)).

More precisely, 42 U.S.C. §2000e-5(f)(1) states in relevant part, " . . . The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission. . ." Here, Ms. Gatkuoth was one of the charging parties whose complaints prompted the EEOC to file the instant action. Accordingly, she has the right to intervene under Fed.R. Civ. P. 24(a)(1), providing such application is timely.

**B.      Plaintiff-Intervenor Satisfies the Criteria of Rule 24(a)(2)**

Assuming, *arguendo*, that Ms. Gatkuoth does not have a statutorily conferred right of intervention, she clearly satisfies the alternative basis for intervention as of right. Ms. Gatkuoth has complained of discrimination and harassment based on her sex, race and national origin. As a result of the defendant's discriminatory enforcement of its policy, Ms. Gatkuoth suffered an adverse employment action and has suffered from a series of injuries, including but not limited to lost wages and significant emotional distress. The outcome of this matter, which concerns the defendant's conduct towards Ms. Gatkuoth's similarly situated colleagues will be dispositive of certain factors relating to her claims and thus, she clearly has an interest in the outcome of these proceedings.

Moreover, the EEOC is not in a position to best protect and advance Ms. Gatkuoth's interests. The EEOC is seeking compensatory and punitive damages for all of the charging parties, and it is also seeking injunctive relief. However, Ms. Gatkuoth's interest is but one of many which the EEOC represents, including certain policy interests that may not be of any consequence to Ms. Gatkuoth at this juncture. The nature of this action is such that Ms. Gatkuoth's interests may be compromised if she is left without an adequate means of protecting her interest through her own counsel.

**C.     The Motion is Timely**

As set forth in the accompanying Wolman Affd., this action was commenced by the EEOC on September 24, 2007. Upon information and belief, as of today's date, the defendant has not filed an answer to the complaint, and certainly no discovery has taken place. (Wolman Affd., Paragraph 3). The defendant cannot possibly claim any prejudice, since: (a) it had full knowledge that Ms. Gatkuoth was a charging party; and (b) it has not yet filed a responsive pleading in this matter, much less undertaken any discovery or motion practice.

### CONCLUSION

For the foregoing reasons, Plaintiff-Intervenor Nyakim Gatkouth respectfully requests that her motion to intervene in this action be granted in its entirety.

Dated: New York, New York
October 17, 2007

SNOW BECKER KRAUSS P.C.
Attorneys for Plaintiff-Intervenor

By: _____
Derek Wolman (DW 9720)
605 Third Avenue, 25th Floor
New York, NY 10158
(212) 687-3860