Mara B. Levin (ML-1747)
David Feuerstein (DF-6926)
**HERRICK, FEINSTEIN LLP**
Two Park Avenue
New York, New York 10016
(212) 592-1400 (phone)
(212) 592-1500 (fax)
mlevin@herrick.com
dfeuerstein@herrick.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
EQUAL EMPLOYMENT OPPORTUNITY  :
COMMISSION,                   :
               Plaintiff,  : Civil Action No. 07 CV 8256 (CM)
                              :
      -against-    :
                                : **ANSWER AND AFFIRMATIVE**
TAVERN ON THE GREEN LTD. P'SHIP : **DEFENSES**
(D/B/A TAVERN ON THE GREEN),  :
                                :
             Defendant. :
------------------------------------- x

      Defendant, Tavern on the Green L.P. ("Defendant" or "Tavern"), by and through its undersigned counsel, Herrick, Feinstein LLP as and for its Answer to the Complaint of the Equal Employment Opportunity Commission ("EEOC" or "Plaintiff"), alleges as follows:

### NATURE OF THE ACTION

      Tavern admits that the EEOC purports to bring this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act on behalf of Martha Nyakim Gatkuoth ("Gatkuoth") and an alleged class of similarly situated employees for alleged claims of harassment on the basis of sex (female), race (Black), and/or national origin (Hispanic). Tavern, however, denies that (i) it harassed or discriminated against Gatkuoth, (ii) there exists a class of "similarly situated employees", (iii) it harassed or discriminated against any member of the alleged class of similarly situated employees based on their sex, race, national origin, and/or any

other characteristic prohibited by law, and (iv) it retaliated against Gatkuoth or any member of the alleged class of similarly situated employees for engaging in any activity protected under the law. Tavern further denies that plaintiff, Gatkuoth or any member of the alleged class of similarly situated employees who plaintiff purports to represent, is entitled to any relief, under Title VII or any other federal statute, law or regulation.

## JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 purport to state a legal conclusion for which no response is required. To the extent a response is required, the allegations in Paragraph 1 are denied.

2. Defendant denies the allegations contained in Paragraph 2, except admits only that the alleged unlawful conduct was purportedly committed in New York, New York.

## PARTIES

3. Defendant denies the allegations contained in Paragraph 3, except admits only that the EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII.

4. Defendant admits the allegations contained in Paragraph 4.

5. The allegations contained in Paragraph 5 purport to state a legal conclusion for which no response is required. To the extent a response is required, the allegations in Paragraph 5 are denied.

HF 3871631v.1 #04210/0010

## STATEMENT OF CLAIMS ALLEGED

6. Defendant denies the allegations contained in Paragraph 6 except admits only Ms. Gatkuoth filed a charge with the Commission alleging violations of Title VII by Defendant more than 30 days prior to the institution of this lawsuit.

7. Defendant denies the allegations contained in Paragraph 7.

8. Defendant denies the allegations contained in Paragraph 8, except to the extent the first sentence of Paragraph 8 purports to state a legal conclusion for which no response is required. To the extent a response to the first sentence of Paragraph 8 is required, those allegations are denied.

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

## PRAYER FOR RELIEF

Tavern denies that the EEOC, Gatkuoth or any member of the alleged class of similarly situated employees who the EEOC purports to represent, is entitled to any relief, including the remedies described and relief in requested in Paragraphs (A)-(H) of the section of the Complaint entitled "Prayer for Relief".

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

12. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

HF 3871631v.1 #04210/0010

### Second Affirmative Defense

13. The monetary damages sought by Plaintiff on behalf of Gatkuoth and/or members of the alleged class of similarly situated employees are barred and/or must be reduced on account of its failure to take reasonable steps to mitigate its damages.

### Third Affirmative Defense

14. Plaintiff's claims are barred, in whole or in part, because prior to filing the Complaint, plaintiff failed to fulfill the conditions precedent for instituting this lawsuit, including but not limited to the duty to conciliate in good faith with Defendant.

### Fourth Affirmative Defense

15. At all times relevant hereto, Tavern has had in place and continues to have in place policies that expressly prohibit all forms of discrimination, harassment and retaliation in the workplace (hereinafter referred the "EEO Policies"). Tavern's EEO Policies are widely-distributed to all Tavern employees, contain effective complaint procedures and are adhered to by Defendant. To the extent Gatkuoth or any member of the alleged class of similarly situated employees experienced or believes to have experienced discrimination, harassment or retaliation of any kind, their claims are barred, in whole or in part, due to their unreasonable failure to avail themselves of the preventative and remedial measures made available to them by Defendant.

### Fifth Affirmative Defense

16. Plaintiff's claims are barred, in whole or in part, on the existence of a binding and enforceable Settlement and Release Agreement, pursuant to which certain members of the alleged class of similarly situated employees released and waived the claims that plaintiff now purports to assert on their behalf.

### Sixth Affirmative Defense

17. Plaintiff's claims are barred, in whole or in part, because any employment actions taken with respect to Gatkuoth or any member of the alleged class of similarly situated employees were based solely on legitimate, non-discriminatory business reasons.

### Seventh Affirmative Defense

18. Plaintiff's Complaint fails to plead facts necessary to support a claim for an award of punitive damages.

### Eighth Affirmative Defense

19. Plaintiff's claims are barred, in whole or in part, because the relief the Plaintiff seeks is moot.

### Ninth Affirmative Defense

20. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, and/or waiver.

### Tenth Affirmative Defense

21. To the extent plaintiff seeks to bring Title VII claims against Tavern on behalf of an alleged class of similarly situated employees, such claims must be dismissed, in whole or in part, due to each alleged similarly situated employee's failure to exhaust his or her administrative remedies as required under the law.

### Eleventh Affirmative Defense

22. Defendant reserves the right to assert additional affirmative defenses as plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, Defendant demands judgment against Plaintiff as follows:

(a) dismissing Plaintiff's Complaint in its entirety with prejudice;

    (b)    denying each and every demand and prayer for relief contained in the Complaint; and

    (c)    awarding any other and further relief as the Court deems proper, including but not limited to Defendant's attorneys fees and costs associated with defending this action.

Dated: New York, New York
       November 20, 2007

HERRICK, FEINSTEIN LLP

By: _____
Mara Levin (ML-1747)
David Feuerstein (DF-6926)
Attorneys for Tavern on the Green
2 Park Avenue
New York, NY 10016-9301
Phone: (212) 592-1400
Fax:    (212) 592-1500

6

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
                                                ss.:
COUNTY OF NEW YORK )

Marianne Warnock, being duly sworn, deposes and says:

That deponent is not a party to the action, is over eighteen years of age and resides in Mineola, New York.

That on this day of November 20, 2007 deponent served the within Answer and Affirmative Defenses on:

> Kam Wong, Esq.
> U.S. Equal Employment Opportunity Commission
> 33 Whitehall Street, 5th Floor
> New York, NY  10004
>
> Derek Avery Wolman, Esq.
> Snow Becker Krauss P.C.
> 605 Third Avenue
> New York, NY  10158

the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State.

_Marianne Warnock_
Marianne Warnock

Sworn to before me this
20th day of November, 2007

_Kelly A. Goodwin_
Notary Public

KELLY A. GOODWIN
Notary Public, State of New York
No. 02-GO6127277
Qualified in Bronx County
Certificate Filed in New York County
Commission Expires Aug. 27, 2010

HF 3875677 v.1  #04210/0002 11/21/2007 10:46 AM