Derek Wolman (DW 9720)
Susan M. Smith (SS 8649)
SNOW BECKER KRAUSS P.C.
605 Third Avenue, 25th Floor
New York NY 10158
(212) 687-3860

**Attorneys for Intervenor-Plaintiff, Martha Nyakim Gatkuoth**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : **ECF CASE** |
| | : |
| | : Civil Action No.: 07 CIV 8256 |
| Plaintiff, | : |
| | : **COMPLAINT IN INTERVENTION** |
| | : |
| -against- | : **JURY TRIAL DEMANDED** |
| | : |
| TAVERN ON THE GREEN LTD. P'SHIP (D/B/A TAVERN ON THE GREEN), | : |
| | : |
| Defendant. | : |
| -------------------------------------------------------- | : |
| MARTHA NYAKIM GATKUOTH, | : |
| | : |
| Intervenor-Plaintiff. | : |

-------------------------------------------------------------x

Intervenor-Plaintiff, MARTHA NYAKIM GATKOUTH, by her attorneys, Snow Becker Krauss, P.C. as and for her complaint in intervention, states and follows:

### PARTIES, JURISDICTION AD VENUE

1.  Intervenor-Plaintiff, MARTHA NYAKIM GATKOUTH, ("Intervenor-Plaintiff") is an adult female of African heritage who resides in the City and State of New York, County of Bronx.

2.  At all relevant times, Defendant, Tavern on the Green Ltd. Partnership d/b/a Tavern on the Green ("TOG" or "Defendant"), has continually been a limited partnership doing business in the County and State of New York. At all relevant times, TOG has continuously employed a minimum of fifteen (15) employees.

3. At all relevant times, TOG has continuously been an employer engaged in an industry affecting commerce within the meaning of §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

4. Pursuant to 28 U.S.C. § 1331, this Court has Federal Question Jurisdiction over this action, as claims herein arise under 42 U.S.C. § 1981 and 42 U.S.C. §§ 2000 (e), as amended by, *inter alia*, the Civil Rights Act of 1991.

5. Pursuant to 28 U.S.C. § 1391(c), venue is properly laid in this district in that Defendant is subject to personal jurisdiction in this District.

6. On or about September 24, 2007, the United States Equal Opportunity Commission (the "EEOC") commenced the instant action.

## STATEMENT OF CLAIMS

7. This is an action to recover damages for Defendant's severe and pervasive harassment of Intervenor-Plaintiff on the basis of her sex and/or race and/or national origin.

8. On or about September 2003, Intervenor-Plaintiff, who was born in Ethiopia was employed by TOG as a hostess and continues to be so employed to the present time.

9. At all times relevant to the matters complained of herein and prior to his departure in April 2005, Leon Drogy ("Drogy"), TOG's former Director of Operations was responsible for managing TOG's day-to-day operations and oversaw TOG's entire restaurant staff.

10. Drogy's responsibilities included but were not limited to general supervision of the hostess staff and the creation of hostess schedules (including Intervenor-Plaintiff) and preparation of payroll. Drogy determined how many hours each hostess worked per week, which department each employee was assigned to work, that employee's rate of pay and which hostesses would earn overtime pay.

2

11. In or about January 2004, five (5) months after Intervenor-Plaintiff's commencement date until in or about April 2005 when Drogy ceased to be employed by TOG, Drogy engaged in severe and pervasive acts of sexual harassment and discrimination against Intervenor-Plaintiff, which continued unabated for the period commencing January 2004 through and including Drogy's departure from TOG in April 2005 (the "Relevant Period") as follows:

12. On or about January 2004 and continuing through the Relevant Period, Drogy began asking Intervenor-Plaintiff to "fuck" him on a daily basis and have anal and/or oral sex with him. On several occasions during the Relevant Period Drogy's comments to Intervenor-Plaintiff were made in the presence of other witnesses.

13. On occasions to numerous to mention during the Relevant Period Drogy engaged in repeated sexual touching such as grabbing of Intervenor-Plaintiff's breasts, buttocks and genital area. On several occasions during the relevant Period, Drogy's sexual touching of Intervenor-Plaintiff took place in the presence of other witnesses.

14. On or about January 2004 and continuing through the Relevant Period, Drogy repeatedly insisted that Intervenor-Plaintiff "touch," "rub," "squeeze" and "suck" Drogy's "dick" or perform "blow jobs" as a precondition to Intervenor-Plaintiff's ability to: (a) work overtime hours; (b) switch schedules; and (c) leave early for personal reasons or because of illness.

15. On or about January 2004 and continuing through the Relevant Period, Drogy began insisting to Intervenor-Plaintiff that he wanted to "fuck [her] black pussy," asking her whether "black pussy" was "smooth" or whether Intervenor-Plaintiff's "pussy" had "ingrown hairs."

16. Drogy would regularly summon Intervenor-Plaintiff to his office and when Intervenor-Plaintiff arrived there, Drogy would rub his genitals area while insisting that Intervenor-Plaintiff manually stimulate Drogy's penis and/or perform oral sex on Drogy.

3

17. Drogy would regularly scream "fuck you" in response to any questions that Intervenor-Plaintiff asked of him, and he would consistently verbally abuse Intervenor-Plaintiff by referring to her as a "fucking cunt" or "fucking bitch" in the presence of other co-workers.

18. Drogy also repeatedly told Intervenor-Plaintiff that she was a "fucking immigrant" who should "go back to where [Intervenor-Plaintiff] came from."

19. TOG's other managers as well as non-managerial employees have also engaged in sexual, racial and/or national origin harassment.

20. TOG knew or should have known of the severe and pervasive harassment of Intervenor-Plaintiff, but failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

21. TOG has engaged in unlawful employment practices in violation of Section 704 and Section 7707 of Title VII, 42 U.S.C. § 2000e-3 and § 2000e-6 by retaliating against Intervenor-Plaintiff when she refused to consent to or objected to the unlawful harassment. Such retaliation includes but is not limited to, denial of sick time, denial of additional work, denial of lucrative assignments and unlawful reduction of pay.

22. As a result of the frequency and severity of the sexual harassment at the hands of Drogy, Intervenor-Plaintiff was forced to seek professional psychological and psychiatric counseling and therapy for the significant psychological damage that she suffered as a consequence thereof.

23. The effect of the practices complained of above has been to adversely affect Intervenor-Plaintiff's status as an employee because of her sex, race and/or national origin.

24.  The conduct toward Intervenor-Plaintiff and other similarly situated employees created a hostile work environment at TOG.

25.  The unlawful employment practices complained of were intentional.

26.  The unlawful employment practices complained of were done with malice or reckless indifference to the federally protected rights of Intervenor-Plaintiff.

## EXHAUSTION OF REMEDIES

27.  Intervenor-Plaintiff has satisfied all of the procedural and administrative requirements set forth in § 706 of Title VII, in particular:

(i)  Intervenor-Plaintiff timely filed a charge of discrimination with the EEOC;

(ii)  On April 30, 2007, the EEOC issued a determination of reasonable cause in favor of the Intervenor-Plaintiff's complaint alleging severe and pervasive harassment of Intervenor-Plaintiff on the basis of her sex, female, and/or race, Black, and/or national origin, a copy of which is attached as **Exhibit "A"**;

(iii)  On July 24, 2007, Intervenor-Plaintiff received a "Notice of Right to Sue" from the EEOC, a copy of which is attached as **Exhibit "B"**; and

(iv)  Intervenor-Plaintiff timely filed a motion to intervene in this action within ninety (90) days from the receipt of the EEOC's Notice of Right to Sue.

## FIRST COUNT

28.  Intervenor-Plaintiff repeats the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29.  By reason thereof, TOG has violated 42 U.S.C. § 2000e *et seq.* and has caused Intervenor-Plaintiff to suffer damages, including but not limited to economic injuries, lost employment opportunities and emotional injuries.

## SECOND COUNT

30. Intervenor-Plaintiff repeats the allegations contained in paragraphs 1 through 29 as it fully set forth herein.

31. By reason thereof, TOG has violated New York Executive Law §§ 296 and 296 (6) and has caused Intervenor-Plaintiff to suffer damages, including but not limited to economic injuries, lost employment opportunities and emotional injuries.

## THIRD COUNT

32. Intervenor-Plaintiff repeats the allegations contained in paragraphs 1 through 31 as it fully set forth herein.

33. By reason thereof, TOG has violated New York City Administrative Code §§ 8-502 and 8-107 *et seq.*, and has caused Intervenor-Plaintiff to suffer damages, including but not limited to economic injuries, lost employment opportunities and emotional injuries.

## FOURTH COUNT

34. Intervenor-Plaintiff repeats the allegations contained in paragraphs 1 through 33 as it fully set forth herein.

35. By reason thereof, TOG has violated 42 U.S.C. § 1981 and has thereby caused Intervenor-Plaintiff to suffer damages, including but not limited to economic injuries, lost employment opportunities and emotional injuries.

## JURY TRIAL DEMANDED

36. Pursuant to Fed. Civ. P. 38, Intervenor-Plaintiff hereby demands a trial by jury.

**WHEREFORE**, Intervenor-Plaintiff, **MARTHA NYAKIM GATKOUTH** hereby demands judgment against the Defendant:

(i) On her first cause of action, assessing actual and punitive damages against Defendant in an amount to be determined at trial;

(ii) On her second cause of action, assessing actual and punitive damages against Defendant in an amount to be determined at trial;

(iii) On her third cause of action, assessing actual and punitive damages against Defendant in an amount to be determined at trial;

(iv) On her fourth cause of action, assessing actual and punitive damages against Defendant in an amount to be determined at trial;

(v) Awarding Intervenor-Plaintiff statutory attorneys fees pursuant to, *inter alia*, 42 U.S.C. §§ 1988 and 2000e *et seq.*, and New York City Administrative Code §§ 8-502;

(vi) Awarding costs and disbursements of this action; and

(vii) For such other and further relief as the Court may deem just and proper.

Dated: New York New York
December 7, 2007

**SNOW BECKER KRAUSS P.C.**
Attorney for Intervenor-Plaintiff
605 Third Avenue, 25th Floor
New York, NY 10158
(212) 687-3860

By: _____
DEREK WOLMAN (DW - 9720)

# EXHIBIT "A"



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office

33 Whitehall Street, 5th Floor
New York, New York 10004
Telephone: (212)336-3620
TYY: (212) 336-3622
General FAX: (212) 336-3790

Charge No. 160-2006-00361

**CHARGING PARTY**
Ms. Martha Nyakim Gatkuoth
2800 Creston Avenue, Apt. #1D
Bronx, NY 10468

**RESPONDENT**
Tavern on the Green
Law office of Herrick, Feinstein, LLP.
Attn: Mara Levin, Esq.
2 Park Avenue
New York, NY 10016

## DETERMINATION

Under the authority vested in me by the Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), I issue the following determination as to the merits of the charge filed under Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII"). Timeliness and all other jurisdictional requirements have been met.

The Charging Party alleges that Respondent's acting Director of Operations subjected her and other similarly situated employees to a hostile work environment, including comments based on sex, race, color and national origin, as well as unwelcome and inappropriate sexual touching and requests for sexual favors. Charging Party further alleges that Respondent retaliated against her by denying her pay and desirable shifts when she refused to engage in the requested sexual activity.

Respondent denies all allegations and asserts that its investigation and interviews failed to support the Charging Party's claims of discrimination. Respondent further claims that Charging Party never complained internally about the harassment.

Examination of the evidence revealed that the Charging Party and other similarly situated employees were subjected to a hostile work environment based upon sex, female, and/or race, Black, and/or Color, dark-skinned, and/or national origin, Hispanic. The investigation also revealed that Respondent's acting Director of Operations requested sex from a number of his subordinates,

promising them better shifts and working conditions if they consented and reducing their hours and ability to earn money if they did not.

Based upon the foregoing, I have determined that Respondent created a hostile work environment on the basis of sex and/or race and/or and/or national origin and retaliated against Charging Party and similarly situated employees, all in violation of Title VII.

This determination is final. Title VII requires that if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites the Respondent to join with it in effort toward a just resolution of this matter. A representative of this office will be in contact with the Respondent in the near future to begin the conciliation process. Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with Title VII, and the Commission's Procedural Regulations. When the Respondent declines to enter into settlement discussions, or when the Commission's representative is unable to secure a settlement acceptable to the Office Director, the Director shall so inform the Respondent in writing of the court enforcement alternative available to the Commission.

4/30/07
Date

On Behalf of the Commission:

Spencer H. Lewis, Jr.
District Director

# EXHIBIT "B"

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Martha N. Gatkuoth
2800 Creston Avenue, Apt. 1D
Bronx, NY 10468

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2006-00361 | Ricardo E. Jones, Investigator | (212) 336-3778 |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____   7/24/07
Spencer H. Lewis, Jr.,        (Date Mailed)
Director

Enclosures(s)

cc:  HERRICK FEINSTEIN LLP
Attn: Mara B. Levin, Esq.
Counsel for: TAVERN ON THE GREEN
2 Park Avenue
New York, NY 10016

SNOW BECKER KRAUSS P.C.
ATTORNEYS AT LAW
Attn: Derek Wolman, Esq.
605 Third Avenue
New York, NY 10158-0125

Enclosure with EEOC
Form 161-B (3/98)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY      :     **ECF CASE**
COMMISSION,                       :
                                  :     **Civil Action No.: 07 CIV 8256**
                    Plaintiff,    :
                                  :
                                  :
        -against-                 :
                                  :
TAVERN ON THE GREEN LTD. P'SHIP   :
(D/B/A TAVERN ON THE GREEN),      :
                                  :
                    Defendant.    :
---------------------------------------
MARTHA NYAKIM GATKUOTH,           :
                                  :
        Intervenor-Plaintiff.     :
------------------------------------------------------------x

## ACKNOWLEDGMENT OF SERVICE

     Plaintiff, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, by its attorney, Kam S. Wong, Esq., acknowledges receipt of the complaint of Intervenor, Plaintiff, Martha Nyakim Gatkuoth dated December 7, 2007.

Dated: New York New York
       December 10, 2007

                              Yours, etc.,

                              U.S. EQUAL EMPLOYMENT OPPORTUNITY
                              COMMISSION

                              By: _/s/ Kam Wong_____
                              Kam S. Wong, Esq.
                              33 Whitehall Street, 5th Floor
                              New York NY 10004
                              (212) 336-3703

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY          :   ECF CASE
COMMISSION,                           :
                                      :   Civil Action No.: 07 CIV 8256
                         Plaintiff,   :
                                      :
            -against-                 :
                                      :
TAVERN ON THE GREEN LTD. P'SHIP       :
(D/B/A TAVERN ON THE GREEN),          :
                                      :
                         Defendant.   :
------------------------------------------------------        :
MARTHA NYAKIM GATKUOTH,               :
                                      :
                Intervenor-Plaintiff. :
-------------------------------------------------------------x
```

## ACKNOWLEDGMENT OF SERVICE

Defendant, TAVERN ON THE GREEN LTD. P'SHIP(D/B/A TAVERN ON THE GREEN), by its attorney, Mara Levin, Esq. of Herrick, Feinstein, LLP, acknowledges receipt of the complaint Gatkuoth dated December 7, 2007 by electronic transmission on December 10, 2007.

Dated: New York New York
       December 19, 2007

                              Yours, etc.,

                              HERRICK, FEINSTEIN LLP

                              By: *[signature]*
                              Mara B. Levin, Esq.
                              Attorneys for Tavern on the Green
                              2 Park Avenue
                              New York, New York 10016
                              (212) 592-1400