Mara B. Levin (ML-1747)
David Feuerstein (DF-6926)
**HERRICK, FEINSTEIN LLP**
Two Park Avenue
New York, New York 10016
(212) 592-1400 (phone)
(212) 592-1500 (fax)
mlevin@herrick.com
dfeuerstein@herrick.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

     Intervenor-Plaintiff, : Civil Action No. 07 CV 8256 (CM)

-against-

             **ANSWER TO COMPLAINT IN**
TAVERN ON THE GREEN LTD. P'SHIP **INTERVENTION**
(D/B/A TAVERN ON THE GREEN),

     Defendant.

-------------------------------

MARTHA NYAKIM GATKUOTH,

     Intervenor-Plaintiff.
------------------------------- x

  Defendant, Tavern on the Green L.P. ("Defendant" or "Tavern"), by and through its undersigned counsel, Herrick, Feinstein LLP as and for its Answer to the Complaint in Intervention filed by Martha Nyakim Gatkuoth ("Intervenor" or Gatkuoth"), alleges as follows:

### PARTIES, JURISDICTION AND VENUE

  1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint filed by Gatkuoth (the "Complaint") except admits that Gatkuoth is an adult female.

  2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. The allegations contained in Paragraph 3 are legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 3 are denied.

4. The allegations contained in Paragraph 4 are legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 4 are denied.

5. The allegations contained in Paragraph 5 are legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 5 are denied.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

## STATEMENT OF CLAIMS

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint, except admits that this action purports to seek recovery for damages arising from Defendant's alleged severe and pervasive harassment of Intervenor-Plaintiff on the basis of her sex and/or race and/or national origin.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint, except admits that Leon Drogy ("Drogy") was Tavern's former Director of Operations and for a period of time prior to April 2005 managed Tavern's day-to-day operations.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint except admits that at times Drogy's responsibilities included, but were not limited to, general supervision of the hostess staff and the creation of hostess scheduling.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint except admits that Drogy ceased to be employed by Tavern in or about April 2005.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint except denies knowledge or information sufficient to form a belief as to whether Intervenor was forced to seek professional psychological and psychiatric counseling and therapy.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

## EXHAUSTION OF REMEDIES

27. The allegations contained in Paragraph 27 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 27 are denied, and Defendant further states that.

    (i)    the allegations contained in Paragraph 27(i) are admitted;

    (ii)    The allegations in Paragraph 27(ii) purport to refer to Exhibit A, which is a document that speaks for itself. To the extent the allegations in Paragraph 27(ii) are in consistent with the content of Exhibit A, those allegations are denied.

    (iii)    The allegations in Paragraph 27(iii) purport to refer to Exhibit B, which is a document that speaks for itself. To the extent the allegations in Paragraph 27(iii) are in consistent with the content of Exhibit B, those allegations are denied.

    (iv)    The allegations contained in Paragraph 27(iv) are legal conclusions for which no response is required. To the extent a response is required, the allegations in Paragraph 27(iv) are denied.

## FIRST COUNT

28. Defendant repeats and realleges each of the assertions contained in Paragraphs 1 through 27 of this Answer as if they were fully stated herein.

29. The allegations contained in Paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 29 are denied.

## SECOND COUNT

30. Defendant repeats and realleges each of the assertions contained in Paragraphs 1 through 29 of this Answer as if they were fully stated herein.

31. The allegations contained in Paragraph 31 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 31 are denied.

### THIRD COUNT

32. Defendant repeats and realleges each of the assertions contained in Paragraphs 1 through 31 of this Answer as if they were fully stated herein.

33. The allegations contained in Paragraph 33 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 33 are denied.

### FOURTH COUNT

34. Defendant repeats and realleges each of the assertions contained in Paragraphs 1 through 33 of this Answer as if they were fully stated herein.

35. The allegations contained in Paragraph 35 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 35 are denied.

### JURY TRIAL DEMANDED

36. The allegations contained in Paragraph 36 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 36 are denied.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

37. Intervenor's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Affirmative Defense

38.     The monetary damages sought by Intervenor are barred and/or must be reduced on account of her failure to take reasonable steps to mitigate her damages.

### Third Affirmative Defense

39.     Intervenor's claims are barred, in whole or in part, because prior to filing the Complaint, Intervenor failed to fulfill the conditions precedent for instituting this lawsuit.

### Fourth Affirmative Defense

40.     At all times relevant hereto, Tavern has had in place and continues to have in place policies that expressly prohibit all forms of discrimination, harassment and retaliation in the workplace (hereinafter referred the "EEO Policies").  Tavern's EEO Policies are widely-distributed to all Tavern employees, contain effective complaint procedures and are adhered to by Defendant.  To the extent Intervenor believes to have experienced discrimination, harassment or retaliation of any kind, her claims are barred, in whole or in part, due to her unreasonable failure to avail herself of the preventative and remedial measures made available to her by Defendant.

### Fifth Affirmative Defense

41.     Intervenor's claims are barred, in whole or in part, because any employment actions taken with respect to her were based solely on legitimate, non-discriminatory business reasons.

### Sixth Affirmative Defense

42.     Intervenor's Complaint fails to plead facts necessary to support a claim for an award of punitive damages.

6

### Seventh Affirmative Defense

43. Intervenor's claims are barred, in whole or in part, by the doctrines of laches, estoppel, and/or waiver.

### Eighth Affirmative Defense

44. Defendant reserves the right to assert additional affirmative defenses as Intervenor's claims are clarified during the course of this litigation.

WHEREFORE, Defendant demands judgment against Intervenor as follows:

(a) dismissing Intervenor's Complaint in its entirety with prejudice;

(b) denying each and every demand and prayer for relief contained in the Complaint; and

(c) awarding any other and further relief as the Court deems proper, including but not limited to Defendant's attorneys fees and costs associated with defending this action.

Dated: New York, New York
       January 3, 2008

HERRICK, FEINSTEIN LLP

By: *[signature]*
Mara Levin (ML-1747)
David Feuerstein (DF-6926)
Attorneys for Tavern on the Green
2 Park Avenue
New York, NY 10016-9301
Phone: (212) 592-1400
Fax:   (212) 592-1500