UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
                Plaintiff,

              and                       Civil Action No. 07 CV 8256
                                          (CM) (AJP)

MARTHA NYAKIM GATKUOTH
                Intervenor,

            -against-

TAVERN ON THE GREEN LTD. P'SHIP
(D/B/A TAVERN ON THE GREEN),
                Defendant.
--------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/20/08

## CONFIDENTIALITY AGREEMENT AND ORDER

The Parties hereby agree as follows:

1. Any party may in good faith designate documents produced or disclosed to the other parties during discovery "Confidential," if it contains any of the following information: (a) wages, salary, and/or earnings of any employee of Defendant; (b) social security number, address, medical records, and/or bank account information of any employee of Defendant; (c) financial data, internal cost data, and/or any financial performance data of Defendant; (d) personnel files of any employee of Defendant; (e) complaint, grievance, allegation or charge concerning employment discrimination and/or retaliation by Defendant and/or it employees; and (f) investigation of any and all complaints, grievances, allegations or charges concerning employment discrimination and/or retaliation by Defendant and/or it employees (hereinafter "Confidential Information").

2. A party seeking the "Confidential" designation shall do so by placing a "Confidential" stamp in a prominent position on each and every page of any document so

designated. Upon such designation, the Confidential Information that is contained in a Confidential Document shall be subject to the provisions of this Agreement and Order. Any "Confidential" designation that is inadvertently omitted may be corrected by written notification to counsel for each party to this action, and shall be deemed to be Confidential Information as of the receipt of such notice.

3. At any time, the party receiving any document designated "Confidential" may, acting in good faith, notify the other party that it disputes the designation of a document as "Confidential." The parties shall make good-faith efforts to resolve any such dispute. The document shall retain its status as "Confidential" for ten days after notice that such dispute cannot be resolved without judicial intervention, to permit the party seeking confidential status to bring a Motion for Protective Order pursuant to Fed.R.Civ.P. 26(c). On any such Motion, the party seeking that a document be designated "Confidential" shall have the burden of establishing the need for confidentiality of such a document under applicable law.

4. Except as expressly provided below, all Confidential Information shall be subject to the provisions of this Agreement and Order, shall be used only in connection with the above-captioned litigation, including depositions, motions, applications, hearings, and trials, and shall (unless necessary to comply with any court order, subpoena, or other direction by a court or legislative body) not be disclosed, except as otherwise provided herein, to any person other than:

    (a) the Court (including the jury, the public attending any court proceedings in connection with this litigation, and court staff);

    (b) the parties named in the caption of this action;

(c)  counsel for the parties in this action (including, in-house counsel), together with their legal associates, legal interns, paralegals, and clerical and other support staff or services, as well as outside photocopying services;

(d)  experts (testifying and consulting), accountants, and others engaged or retained by the parties or their counsel to render services in connection with this case, along with their associates and clerical and other support staff or services; and

(e)  any witness, provided that the party has a good-faith need to disclose Confidential Information to the witness

provided that all such persons specified in subdivision "(d)" and "(e)" agree in writing to be bound by the terms of this Agreement and Order, such agreement to be evidenced by execution of the form attached as Exhibit A. Counsel of record shall maintain the agreement executed by each person specified in subdivisions "(d)" and "(e)" above. Notwithstanding the foregoing, EEOC may use, during the pendency of this matter and any appeals therefrom, any Confidential Document in furtherance of its enforcement activities in any other matter in which the party designating such information as "Confidential" has been named as a party, but must treat such information as "Confidential" pursuant to the terms of this Agreement until such time as the "Confidential" is withdrawn either by agreement of the parties or by court order.

5.  Notwithstanding Paragraph 4 above and subject to Paragraph 9 below, Defendant's Audited Financial Statements (such as the Independent Auditor's Report and Statement of Cash Flows) and Defendant's Tax Returns and any information derived from those sources shall not be disclosed to Claimants, including Charging Party Martha Nyakim Gatkuoth, or any witness other than persons specified in 4(a)–4(d) that are involved in the legal issues

3

relating to and calculation of punitive damages (to the extent such damages are sought). In addition, Claimants' medical records and Claimants' tax records and any information derived from those sources shall not be disclosed to any party or persons other than those specified in 4(a), 4(c), and 4(d), except to the extent that the information in Claimants' medical records or their testimony would be apparent to an individual without knowledge of the medical records.

6. Pursuant to the E-Government Act of 2002, as amended on Aug 2, 2004, and Federal Rule of Civil Procedure 5.2, the parties will redact any personal data identifier(s) in any filing with the Court and file either (a) a reference list under seal or (b) an unredacted version of the document under seal. Additionally, the parties will file under seal or redact in any Court filing any document that contains the following information: medical information, Defendant's internal cost data, Defendant's financial performance data, Defendant's Audited Financial Statements, Defendant's Tax Returns, and Claimants' tax records.

7. At the conclusion of the litigation of the above-captioned matter, whether the action be settled, otherwise resolved in full prior to trial, or tried on the merits and including any appeal from a judgment resolving the action, all documents containing Confidential Information, and all copies thereof, shall be promptly returned to the producing party or destroyed.

8. Any sealed records which have been filed with the Clerk shall be removed by the party submitting them (a) within ninety (90) days after final decision is rendered if no appeal is taken, or (b) if appeal is taken, within (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

9. Nothing in this Agreement shall be deemed to preclude the admission into evidence, or to waive any objection to the admission into evidence, of any Confidential

Document, and the parties herein have reserved all rights to seek admission or object to the admissibility into evidence of any Confidential Document.

10. This Agreement is intended only to govern the procedures for disclosure of documents so designated "Confidential Document."

11. This Agreement shall be subject to modification at any time by written agreement of the parties to this lawsuit or upon order of the Court. Any party may seek an order to modify or vacate this Agreement.

Dated: New York, New York
February 15, 2008

HERRICK, FEINSTEIN LLP

By: _____
Mara Levin (ML 1747)
David Feuerstein (DF 6926)
2 Park Avenue
New York, New York 10016
(212) 592-1400

Attorneys for Defendant
Tavern on the Green

SNOW BECKER KRAUSS P.C.

By: _____
Derek Avery Wolman (DW 9720)
605 Third Avenue
New York, New York 10158
(212) 687-3860
Attorneys for Plaintiff-Intervenor

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

By: /s/ _____
Kam S. Wong (KW 7176)

New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
(212) 336-3703
Plaintiff

SO ORDERED:

_____
Hon. Andrew J. Peck
United States Magistrate Judge

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

HF 3915364 v.3 #04210/0002 01/__/2008 0_:__ PM

5

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY    :
COMMISSION,                                                 :
         Plaintiff,                                :
                                                            :
         and                                       :   Civil Action No. 07 CV 8256
                                                            :   (CM) (AJP)
                                                            :
MARTHA NYAKIM GATKUOTH                                      :
         Intervenor,                               :
                                                            :
         -against-                                :
                                                            :
TAVERN ON THE GREEN LTD. P'SHIP                             :
(D/B/A TAVERN ON THE GREEN),                                :
         Defendant.                                :
-----------------------------------------------------------x

**UNDERTAKING CONCERNING CONFIDENTIAL MATERIAL COVERED
BY CONFIDENTIALITY STIPULATION AND ORDER DATED _____, 2008**

        The undersigned hereby acknowledges that he/she has read the Confidentiality Agreement and Order dated _____, 2008 in the above-captioned action, that he/she understands the terms thereof, and that he/she agrees to be bound by such terms.

_____        _____
Date                                               Signature