LITTLER MENDELSON
A Professional Corporation
A. Michael Weber (AW-8760)
Attorneys for Defendant Tavern on the Green Limited Partnership
d/b/a Tavern on the Green
885 Third Avenue, 16th Floor
New York, New York 10022.4834
212.583.9600

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> and <br><br> MARTHA NYAKIM GATKUOTH, <br><br> Intervenor-Plaintiff <br><br> -against- <br><br> TAVERN ON THE GREEN LTD. P'SHIP (D/B/A TAVERN ON THE GREEN), <br><br> Defendant. | <u>EFC CASE</u> <br><br> Civil Action No. 07 CV 8256 (CM) (AJP) |

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT'S MOTION FOR LEAVE TO AMEND

**LITTLER MENDELSON, P.C.**
**Attorneys for Defendant**
**885 Third Avenue, 16th Floor**
**New York, New York 10022**
**212.583.9600**

*Of Counsel:*
A. Michael Weber, Esq.

## TABLE OF CONTENTS

PAGE

I.    BACKGROUND ................................................................................. 1

II.   DISCUSSION ..................................................................................... 2

     A.    RULE 16 GOOD CAUSE STANDARD ....................................... 2

     B.    RULE 15 STANDARD TO AMEND PLEADINGS ................................ 5

III.  CONCLUSION ................................................................................... 7

## TABLE OF CASES

PAGE

*Block v. First Blood Assocs.*, 988 F.2d 344 (2d Cir. 1993). ........................................... 5, 6

*Economou v. Caldera*, 99 Civ. 12117, 2000 U.S. Dist. Lexis 18231 (S.D.N.Y. Dec. 19, 2000) (Peck, M.J.) ................................................................................ 6

*Ellis v. Chao,* 336 F.3d 114 (2d Cir. 2003). ........................................................................ 5

*Forman v. Davis*, 371 U.S. 178 (1962). ............................................................................... 5

*Las Olas Investor Group, LLC v. Las Olas Tower Co.*, 06 Civ. 7781, 2008 U.S. Dist. LEXIS 661 (S.D.N.Y. Jan. 2, 2008) ............................................................................ 5

*Lincoln v. Potter*, 418 F.Supp.2d 443 (S.D.N.Y. 2006)...................................................... 4

*Livingston v. Piskor*, 215 F.R.D. 84 (W.D.N.Y. 2003)....................................................... 6

*Pyett v. Pennsylvania Bldg. Co.*, 498 F.3d 88 (2d Cir. 2007)............................................. 3

*Thompson v. Keane*, 95 Civ. 2442, 1996 U.S. Dist. LEXIS 8878 (S.D.N.Y. June 25, 1996) ........................................................................................................................... 6, 7

*White Diamond Co., Ltd. v. Castco, Inc.*, 436 F.Supp.2d 615 (S.D.N.Y. 2006) ........... 2, 3

Defendant Tavern on the Green Limited Partnership, d/b/a Tavern on the Green ("Defendant" or "Tavern"), pursuant to Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure, and Local Rule 16.2, hereby respectfully moves the Court for the entry of an Order providing Defendant leave to amend its answers to, *inter alia*, supplement one defense and include additional defenses, as set forth in Defendant's proposed Amended Answers. (Copies of the Amended Answers are annexed to the Weber Declaration as Exhibit A.)1  In support of its motion, Defendant respectfully states as follows:

## I.    **BACKGROUND**

Plaintiff United States Equal Employment Opportunity Commission filed a Complaint on or about September 24, 2007.  On November 16, 2007, the Court issued its Scheduling Order setting forth various pre-trial deadlines and instructions.    The Scheduling Order set the deadline to amend pleadings by December 28, 2007 and the discovery deadline as April 25, 2008.  Defendant, represented by Herrick Feinstein LLP, filed an Answer to the Complaint on or about November 21, 2007.

On or about December 20, 2007, Martha Nyakim Gatkuoth filed an Intervenor Complaint which Defendant, represented by Herrick Feinstein LLP, answered on or about January 3, 2008.  No additional scheduling order was issued by the Court.

Defendant recently retained new counsel to represent it in this litigation.  To this end, on March 10, 2008, a Stipulation and Order was entered whereby the law firm of Littler Mendelson, P.C. was substituted as counsel of record for Defendant in place and instead of the law firms of Herrick Feinstein LLP and Kasowitz, Benson, Torres &

---

1    In connection with this motion, Defendant has submitted a declaration annexing relevant documents.

Friedman LLP.    Subsequent to our retention in this matter, we discovered that Defendant's Answers did not include, *inter alia*, certain defenses.   Defendant's counsel now seeks to amend Defendant's Answers to include these defenses.

On March 25, 2008, Defendant's counsel sent counsel for Plaintiff and counsel for Intervenor-Plaintiff proposed stipulations and proposed Amended Answers.    On March 28, 2008, in a good faith effort to resolve the issues raised by the instant motion, Michael Weber of Littler Mendelson conferred with Kam Wong, Esq.; Ms. Wong declined to consent to the proposed amendments.    Derek Wolman, Esq. is out of the office and not reachable and, thus, Defendant's counsel has not received a response from counsel representing Intervenor-Plaintiff regarding Defendant's proposed amendments.

## II.    DISCUSSION

### A.    RULE 16 GOOD CAUSE STANDARD

Where a court has entered a scheduling order pursuant to Federal Rule of Civil Procedure 16, motions to amend made after a deadline are subject to a "good cause" standard.    Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b).    This Court must first determine whether "good cause" exists before considering whether the amendments are proper under Rule 15.    *See White Diamond Co., Ltd. v. Castco, Inc.*, 436 F.Supp.2d 615, 625 (S.D.N.Y. 2006).    Good cause "is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."    3 Moore's Federal Practice § 16.14[1][b]; *see also White*

*Diamond Co., Ltd.*, 436 F.Supp.2d at 625 ("A finding of good cause depends on the diligence of the moving party.").

Here, after retention of new counsel, Defendant has been diligent in moving the case forward to resolution. The Court's November 16, 2007 Scheduling Order set the deadline to amend pleadings for December 28, 2007. However, Defendant's new counsel did not become counsel of record until more than two months after the time to amend pleadings had passed. As soon as undersigned counsel had the opportunity to conduct a review of the file and assess the status of the litigation, it became apparent that former counsel did not plead fundamental defenses to the claims in the initial Answers.

In addition to rudimentary defenses that should be added or altered, shortly before Littler Mendelson assumed the role as counsel for Tavern, the United States Supreme Court granted certiorari2 to review a Second Circuit Court of Appeals case, *Pyett v. Pennsylvania Bldg. Co.*, 498 F.3d 88 (2d Cir. 2007),3 involving the enforceability of arbitration provisions in collective bargaining agreements. Since the Intervenor-Plaintiff and members of the putative class of similarly situated employees are covered by a collective bargaining agreement containing an arbitration provision, the Supreme Court's pending decision is of grave importance to the course of this case; Defendant wishes to assert a defense that the Court lacks jurisdiction because of said arbitration provision.

As soon as new defense counsel discovered both the oversights of previous counsel and the applicability of the pending Supreme Court decision, Littler Mendelson sought to file this motion seeking leave to amend Defendant's Answers to include crucial

---

2    A copy of the Supreme Court decision granting certiorari is annexed to the Weber Declaration as Exhibit B.

3    A copy of *Pyett* is annexed to the Weber Declaration as Exhibit C.

defenses. Accordingly, Tavern has been diligent in pursuing amendment of its Answers soon after the retention of new counsel and has shown good cause for not amending the pleadings prior to the December 28, 2007 deadline. Indeed, the reasons that precipitated the need for an amendment arose after the deadline had passed. *See Lincoln v. Potter*, 418 F.Supp.2d 443, 454 (S.D.N.Y. 2006) (McMahon, J.) (finding good cause where "events occurred after the deadline for amendments in the Scheduling Order had passed.").

Additionally, after Intervenor-Plaintiff filed her own Complaint, the Scheduling Order was not amended nor was a new scheduling order issued to reflect the additional party and additional complaint, so the case is still in its infancy.

Given the posture of the case, neither Plaintiff nor Intervenor-Plaintiff would suffer prejudice from the amendment if the amendment is allowed. No depositions have been taken. In fact, discovery has not commenced and has been stayed until April 14, 2008. Therefore, the amendment will not delay the proceeding in any manner. Because the Supreme Court recently granted certiorari thereby agreeing to decide an issue of particular relevance to the instant case, Defendant could not have asserted a defense at a prior time. Accordingly, Tavern should not be penalized because of its former counsel's failure to properly plead this defense as the necessity to do so only arose in February 2008. The need for additional time to amend the pleadings was neither foreseeable nor Defendant's fault.

A denial of Defendant's motion would create a substantial risk of unfairness to Tavern as it would require it to proceed without critical defenses to the claims, through

4

no fault of its own. Thus, Tavern has demonstrated good cause for seeking to amend its Answers after the deadline set in the Court's Scheduling Order.

### B.    RULE 15 STANDARD TO AMEND PLEADINGS

Pursuant to Rule 15(a), after a responsive pleading has been served, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). *See also Ellis v. Chao,* 336 F.3d 114, 127 (2d Cir. 2003). The Supreme Court has emphasized, "[t]his mandate is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962). In the same vein, this Court recently cautioned that an "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." *Las Olas Investor Group, LLC v. Las Olas Tower Co.*, 06 Civ. 7781, 2008 U.S. Dist. LEXIS 661, * 4 (S.D.N.Y. Jan. 2, 2008).

According to the Supreme Court, substantial reason to deny leave to amend exists where there is: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed, (3) undue prejudice to the opposing party by virtue of the allowance of the amendment, and (4) futility of amendment. *Forman*, 371 U.S. at 182.

None of the factors set forth by the Supreme Court in *Forman* justify the denial of Tavern's Motion for Leave to Amend. "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Defendant has exhibited good faith in seeking to amend its Answers immediately after the retention of new counsel; there is no bad faith or dilatory motive in Defendant seeking to amend its Answers to include viable affirmative defenses to the claims.

In this case, justice requires that this Court allow Tavern to amend its Answers. Denial of Defendant's motion would deprive it of significant and viable defenses. Without the Amended Answers, Tavern will be unable to effectively defend this case. Moreover, where, as here, there are developments in the legal landscape, having bearing on the case, leave to amend should be granted as a matter of course. *See Livingston v. Piskor*, 215 F.R.D. 84 (W.D.N.Y. 2003) (allowing defendants to amend their answer when a Supreme Court ruling gave viability to an affirmative defense previously unavailable in the Second Circuit).

In addition, Defendant's proposed amended affirmative defenses do not pose an undue prejudice, or prejudice of any kind, to Plaintiff or Intervenor-Plaintiff. "In determining what constitutes 'prejudice,' [the Second Circuit] consider[s] whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d 344 at 350. In the instant case, there is no need to gather or analyze any additional facts to defend against the proposed amendments; there would be no significant delay, as discovery has not yet commenced and is stayed; and the proposed amendments have no effect on Plaintiff's or Intervenor-Plaintiff's ability to bring a timely action in another jurisdiction. *Cf. Economou v. Caldera*, 99 Civ. 12117, 2000 U.S. Dist. LEXIS 18231 (S.D.N.Y. Dec. 19, 2000) (Peck, M.J.), *aff'd*, 286 F.3d 144 (2d Cir. 2002) (allowing defendant to amend answer to include an affirmative defense, even *after* discovery had ended, where no additional discovery was needed, and thus there was no prejudice to plaintiff); *Thompson v. Keane*, 95 Civ. 2442, 1996 U.S.

Dist. LEXIS 8878 (S.D.N.Y. June 25, 1996) (Peck, M.J.) (permitting an amendment even *after* discovery was closed). On the other hand, the prejudice to the Defendant if the Court denies its Motion for Leave to Amend, is significant. Without the fundamental defenses set forth in Tavern's proposed Amended Answers, Defendant will be forced to litigate this case without vital defenses to the claims.

## III.  CONCLUSION

For the reasons set forth above, Tavern respectfully requests this Court to grant its Motion for Leave to Amend.

Dated: March 28, 2008                LITTLER MENDELSON, P.C.
      New York, New York

                                           s/ A. Michael Weber
                                           A. Michael Weber (AW-8760)
                                         Attorneys for Defendant Tavern on the
                                         Green Limited Partnership (d/b/a Tavern
                                         on the Green)