# EXHIBIT C

Westlaw.

498 F.3d 88 Page 1
498 F.3d 88, 182 L.R.R.M. (BNA) 2359, 90 Empl. Prac. Dec. P 42,937
(Cite as: 498 F.3d 88)

▻Pyett v. Pennsylvania Bldg. Co.
C.A.2 (N.Y.),2007.

United States Court of Appeals,Second Circuit.
Steven PYETT, Thomas O'Connell, and Michael Phillips, Plaintiffs-Appellees,
v.
PENNSYLVANIA BUILDING COMPANY, 14 Penn Plaza, LLC, and Temco Service Industries, Inc.,
Defendants-Appellants.
Docket Nos. 06-3047-CV(L), 06-3106-CV(CON).

Argued: June 27, 2007.
Decided: Aug. 1, 2007.

**Background:** Longstanding employees in commercial office building who were reassigned from positions as night watchmen to less desirable positions as night porters and light duty cleaners, ostensibly because of their age, brought suit against employer and building owners under Age Discrimination in Employment Act (ADEA), New York State Human Rights Law (NYSHRL), and New York City Administrative Code. Defendants filed motion to compel arbitration in accordance with collective bargaining agreement (CBA). The United States District Court for the Southern District of New York, Naomi Reice Buchwald, J., 2006 WL 1520517, denied motion. Employer appealed.

**Holding:** The Court of Appeals, José A. Cabranes, Circuit Judge, held that mandatory arbitration clauses in CBAs were unenforceable to extent they waived rights of covered workers to judicial forum for federal statutory causes of action.

Affirmed.

West Headnotes

[1] Labor and Employment 231H €⇉1549(1)

231H Labor and Employment
    231HXII Labor Relations
        231HXII(H) Alternative Dispute Resolution
            231HXII(H)3 Arbitration Agreements
                231Hk1543 Construction and Operation
                    231Hk1549 Matters Subject to Arbitration Under Agreement
                        231Hk1549(1) k. In General. Most Cited Cases
Mandatory arbitration clauses in collective bargaining agreements are unenforceable to extent they waive rights of covered workers to judicial forum for federal statutory causes of action.

[2] Courts 106 €⇉92

106 Courts
    106II Establishment, Organization, and Procedure
        106II(G) Rules of Decision
            106k88 Previous Decisions as Controlling or as Precedents
                106k92 k. Dicta. Most Cited Cases
Alternative conclusion in an earlier case that is directly relevant to a later case is not dicta; it is an entirely appropriate basis for a holding in the later case.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

498 F.3d 88 Page 2
498 F.3d 88, 182 L.R.R.M. (BNA) 2359, 90 Empl. Prac. Dec. P 42,937
(Cite as: 498 F.3d 88)

*89 Jeffrey L. Kreisberg, Kreisberg & Maitland, LLP, New York, NY, for Plaintiffs-Appellees.
Paul Salvatore (Daniel Halem, Brian Rauch, on the brief), Proskauer Rose LLP, New York, NY, for Defendants-Appellants.
James F. Berg, Howard Rothschild, Realty Advisory Board on Labor Relations, Inc., New York, NY, for Amicus Curiae Realty Advisory Board on Labor Relations, Inc. in support of Defendants-Appellants.
Robin S. Conrad, Shane Brennan, National Chamber Litigation Center, Inc., Washington, DC, Samuel Estreicher, Todd Geremia, Jones Day, New York, NY, for Amicus Curiae Chamber of Commerce of the United States in support of Defendants-Appellants.

Before: CABRANES and RAGGI, Circuit Judges, and KORMAN,[FN1] District Judge.

> FN1. The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

JOSÉ A. CABRANES, Circuit Judge.
[1] In this appeal, defendants challenge an order of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*) denying their motion to compel arbitration of plaintiffs' age discrimination claims in accordance with the collective bargaining agreement between plaintiffs' union and their employer. Defendants argue that the District Court, which relied on the Supreme Court's decision in *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), and our Court's decision in *Rogers v. New York University*, 220 F.3d 73 (2d Cir.2000), failed to take into account the Supreme Court's decisions in *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), and *90 Wright v. Universal Maritime Service Corp.*, 525 U.S. 70, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998). We disagree, and reaffirm our decision in *Rogers* that mandatory arbitration clauses in collective bargaining agreements are unenforceable to the extent they waive the rights of covered workers to a judicial forum for federal statutory causes of action.

## BACKGROUND

The following facts are not disputed by the parties.

Plaintiffs are employees of Temco Services Industries ("Temco"), a building service and cleaning contractor. Before August 2003, they worked as night watchmen in a commercial office building owned by Pennsylvania Building Company and 14 Penn Plaza LLC (jointly, the "Company"). Since that time, they have been working as night porters and light duty cleaners in the same building.

Plaintiffs are members of Local 32BJ of the Service Employees International Union ("Union"), and they are covered by the collective bargaining agreement ("CBA") between the Union and the Realty Advisory Board on Labor Relations, Inc. ("RAB"), the multi-employer bargaining association of the New York City real estate industry. The CBA contains a mandatory arbitration clause for discrimination claims, which provides as follows:[FN2]

> FN2. From 1999 on, each CBA between the Union and the RAB has included a mandatory arbitration clause for discrimination claims.

There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, union membership, or any characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Human Rights Code, New Jersey Law Against Discrimination, New Jersey Conscientious Employee Protection Act, Connecticut Fair Employer Practices Act, or any other similar laws, rules or regulations. All

Westlaw.

498 F.3d 88  Page 3
498 F.3d 88, 182 L.R.R.M. (BNA) 2359, 90 Empl. Prac. Dec. P 42,937
**(Cite as: 498 F.3d 88)**

such claims shall be subject to the grievance and arbitration procedure (Articles V and VI [of the CBA]) as the sole and exclusive remedy for violations. Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination.

In or about August 2003, the Company engaged Spartan Security, a security services contractor and affiliate of Temco, to provide certain security personnel, including night watchmen, for the building. Spartan brought in new employees, and plaintiffs, who had been employed as night watchmen, were reassigned to different locations and less desirable positions as night porters and light duty cleaners within the building.

Plaintiffs filed grievances with the Union under the CBA. They claimed that, as the only building employees over the age of 50, they were wrongfully transferred and denied overtime in violation of various provisions of the CBA, including the provision that prohibited discrimination on the basis of age. Plaintiffs' grievances were submitted to arbitration before the Contract Arbitrator, Earl Pfeffer, who held hearings on eight occasions between February 2, 2004 and March 7, 2005. Shortly after arbitration began, the Union declined to pursue plaintiffs' claims of wrongful transfer and age discrimination, electing to pursue only the claims regarding denial of overtime on behalf of all plaintiffs and wrongful denial of promotion on behalf of *91 plaintiff Pyett. According to plaintiffs, the Union's counsel explained to them that "since the Union had consented to Spartan Security being brought into the building," the Union could not contest their replacement as night watchmen by personnel of Spartan Security. On August 10, 2005, the Contract Arbitrator issued his Opinion and Award, denying plaintiffs' arbitrated claims in their entirety.

On May 26, 2004, while the arbitration was ongoing, but after the Union declined to submit the age discrimination claims, plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Dismissal and Notice of Rights on June 29, 2004 for plaintiffs Phillips and O'Connell and on September 14, 2004 for plaintiff Pyett. In each case, the EEOC determined that its "review of the evidence ... fail[ed] to indicate that a violation ha[d] occurred," and notified each plaintiff of his right to sue. On September 23, 2004, plaintiffs commenced this action against the Company and Temco in the District Court, pursuing those claims that the Union did not submit to arbitration. Plaintiffs alleged that they had been transferred from their positions and replaced by younger security officers in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq., and the New York City Administrative code, N.Y.C. Admin. Code § 8-107.

Defendants moved for dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), and, in the alternative, to compel arbitration, pursuant to 9 U.S.C. §§ 3 and 4. In an order dated May 31, 2006, the District Court denied both motions. With respect to defendants' motion to compel arbitration, the District Court referred to its decision in *Granados v. Harvard Maintenance, Inc.*, No. 05 Civ. 5489, 2006 WL 435731, 2006 U.S. Dist. LEXIS 6918 (S.D.N.Y. Feb. 22, 2006), where it "concluded based largely on binding Second Circuit precedent that even a clear and unmistakable union-negotiated waiver of a right to litigate certain federal and state statutory claims in a judicial forum is unenforceable." *Pyett v. Pennsylvania Building Co.*, 04 Civ. 7536, 2006 WL 1520517, *3, 2006 U.S. Dist. LEXIS 35952, *11 (S.D.N.Y. June 1, 2006). In *Granados,* the District Court relied principally on our Court's opinions in *Fayer v. Town of Middlebury*, 258 F.3d 117 (2d Cir.2001), and *Rogers*.[FN3] The District Court recognized *92 the distinction our Court has drawn between arbitration clauses in individual contracts, which are governed by a line of Supreme Court cases represented by *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), and arbitration clauses in CBAs, which are governed by a line of Supreme Court cases represented by *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). See *Granados,* 2006 WL 435731, at *4-5, 2006 U.S. Dist. LEXIS 6918, at *11-14 (citing *Fayer,* 258 F.3d at 122). The District Court, following *Rogers,* held that union-negotiated waivers of statutory rights in CBAs were unenforceable and denied defendants' motion to dismiss. *Id.* 2006 WL 435731, at *5-7, 2006 U.S. Dist. LEXIS 6918, at *15-22. Pursuant to 9 U.S.C. § 16(a)(1)(A) and (B), defendants timely appealed the District Court's May 31, 2006

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



498 F.3d 88  
498 F.3d 88, 182 L.R.R.M. (BNA) 2359, 90 Empl. Prac. Dec. P 42,937  
**(Cite as: 498 F.3d 88)**

Page 4

order denying their motion to compel arbitration.

> FN3.*Gardner-Denver* held that a collective bargaining agreement could not waive covered workers' rights to a judicial forum for causes of action created by Congress-in that case, a cause of action created by Title VII. See *Gardner-Denver,* 415 U.S. at 49-51, 94 S.Ct. 1011.*Gilmer* held that an individual employee who had agreed individually to waive his right to a federal forum *could* be compelled to arbitrate a federal age discrimination claim. See *Gilmer,* 500 U.S. at 33-35, 111 S.Ct. 1647. In *Wright,* the Supreme Court held that a collective bargaining agreement could not waive covered employees' "rights to a judicial forum for federal claims of employment discrimination" absent a "clear and unmistakable waiver" of those rights. *Id.* at 82, 119 S.Ct. 391. It declined to resolve the tension between *Gardner-Denver* and *Gilmer,* however, instead deciding that it would "not reach the question whether such a [clear and unmistakable] waiver would be enforceable." *Id.*

In *Rogers,* we applied *Wright* to hold that an arbitration provision in a collective bargaining agreement could not waive an employee's right to assert local, state, and federal statutory employment discrimination claims in federal court. *See*220 F.3d at 75-77. In *Fayer,* we held that, under *Wright,* a collective bargaining agreement could not bar a covered employee from pursuing a First Amendment claim in federal court because it did not clearly and unmistakably waive the employee's right to pursue the claim. *See*258 F.3d at 123.

### DISCUSSION

Defendants argue that *Rogers* left open the question of whether an arbitration clause in a CBA that clearly waives a covered worker's right to a judicial forum with respect to statutory claims is enforceable. They contend that such waivers are enforceable under *Gilmer,* which, they argue, overturned the holding in *Gardner-Denver.* While conceding that in *Gilmer* the Supreme Court dealt only with contracts signed by individuals and not CBAs, defendants claim, *see* Appellants' Br. 12, that in *Wright* the Supreme Court made clear its abandonment of *Gardner-Denver*'s rule that a union may only "waive certain statutory rights related to collective activity, such as the right to strike,"*Gardner-Denver,* 415 U.S. at 51, 94 S.Ct. 1011. We disagree. Our Court in *Rogers* squarely decided that a union-negotiated mandatory arbitration agreement purporting to waive a covered worker's right to a federal forum with respect to statutory rights is unenforceable. We took full account of both *Gilmer* and *Wright* and concluded that the Supreme Court's decision in *Gardner-Denver* remains good law. Our conclusion in *Rogers* was an alternative holding, not *dicta,* and continues to bind our Court. In any event, none of the cases relied upon by defendants persuades us that this holding in *Rogers* was incorrect.

In *Rogers,* we considered two issues: whether a mandatory arbitration clause in a CBA is enforceable generally, and whether the language of the particular clause at issue was a "clear and unmistakable waiver" under *Wright,* 525 U.S. at 80, 119 S.Ct. 391. We held first that *Gardner-Denver* still governed arbitration provisions in CBAs, notwithstanding the Supreme Court's holding in *Gilmer* that an employee who agreed to waive his individual right to a federal forum could be compelled to arbitrate an age discrimination claim. See *Rogers,* 220 F.3d at 75 (discussing *Gilmer,* 500 U.S. at 23, 111 S.Ct. 1647). Second, we held that the language of the waiver at issue in that case was not "clear and unmistakable" under *Wright.* See *id.* at 77. We explained that *Gardner-Denver* had not been overruled by *Wright.Rogers,* 220 F.3d at 75 ("[W]hile *Wright* may have called *Gardner-Denver* into question, it did not overrule it."); *see also Wright,* 525 U.S. at 82, 119 S.Ct. 391 ("We do not reach the question whether such a waiver [under a CBA] would be enforceable.").

[2] Defendants focus on our comment in *Rogers* that *Wright*"could be taken to suggest that, under certain circumstances, a union negotiated waiver of an employee's statutory right to a judicial forum might be enforceable." Appellants' Br. 13 (quoting *Rogers,* 220 F.3d at 75). But *93 they ignore our holding, in reliance on *Wright* and *Gardner-Denver,* that arbitration provisions contained in a CBA, which waive employees' rights to a federal forum with respect to statutory claims, are unenforceable. Defendants argue

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

498 F.3d 88 Page 5
498 F.3d 88, 182 L.R.R.M. (BNA) 2359, 90 Empl. Prac. Dec. P 42,937
**(Cite as: 498 F.3d 88)**

that our statements regarding the enforceability of arbitration provisions in CBAs were *dicta* because we also concluded that the clause at issue in *Rogers* was not "clear and unmistakable." This argument is without merit. We explicitly stated in *Rogers* that "the rule in *Gardner-Denver* was sufficient" to decide the case. *Rogers, 220 F.3d at 75.* An alternative conclusion in an earlier case that is directly relevant to a later case is not *dicta;* it is an entirely appropriate basis for a holding in the later case. Our reliance on *Gardner-Denver* in *Rogers* was an alternative holding; it was thus not *dicta.* See *MacDonald, Sommer & Frates v. County of Yolo, 477 U.S. 340, 346 n. 4, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986)* ("[S]ince the Superior Court did not rest its holding on only one of its two stated reasons, it is appropriate to treat them as alternative bases of decision [rather than *dicta*]."); *United States v. Fulks, 454 F.3d 410, 434-35 (4th Cir.2006)* (stating that an alternative conclusion in a prior case that bears directly on a subsequent case cannot be dismissed as *dicta* ).

None of the other Supreme Court cases on which defendants rely casts doubt on our holding in *Rogers.* For example, they draw our attention to *Metropolitan Edison Co. v. N.L.R.B., 460 U.S. 693, 103 S.Ct. 1467, 75 L.Ed.2d 387 (1983),* and *Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Metropolitan Edison* held that union officials may be bound by union-negotiated agreements to enforce no-strike agreements, and thus waive their right, guaranteed by the National Labor Relations Act § 8(a)(3), 29 U.S.C. § 158(a)(3), to be free of anti-union discrimination. *Metropolitan Edison, 460 U.S at 708, 103 S.Ct. 1467.* However, rather than supporting the notion that individual rights may be waived by CBAs, as defendants claim, that holding is in line with the Supreme Court's observation in *Gardner-Denver* that unions "may waive certain statutory rights *related to collective activity, such as the right to strike.*" *Gardner-Denver, 415 U.S. at 51, 94 S.Ct. 1011* (emphasis added). *Circuit City* addressed an individual's employment contract, rather than a CBA, and therefore likewise does not address the issue before us now.[FN4]

> FN4. After *Wright,* our sister circuits have not stepped much beyond *Gardner-Denver*'s holding with regard to the enforceability of arbitration provisions in CBAs. See, e.g., *O'Brien v. Town of Agawam, 350 F.3d 279, 285 (1st Cir.2003)* ("The *Wright* Court declined to resolve this tension [between enforceability of mandatory arbitration clauses in individual contracts and those in CBAs], holding that even assuming a CBA can waive an employee's right to a federal forum, any such waiver must at a minimum be 'clear and unmistakable.' "); *Mitchell v. Chapman, 343 F.3d 811, 824 (6th Cir.2003)* ("Assuming *arguendo,* that the CBA mandates binding arbitration, it is well-established that the CBA must contain a 'clear and unmistakable waiver' of Mitchell's [Family and Medical Leave Act] rights to foreclose his entitlement to a judicial forum."); *Tice v. Am. Airlines, Inc., 288 F.3d 313, 317 (7th Cir.2002)* (citing *Gardner-Denver,* but noting the ambiguity in the CBA language); *EEOC v. Ind. Bell Tel. Co., 256 F.3d 516, 522 (7th Cir.2001)* (holding that "a union cannot surrender employees' rights under Title VII"). But see *E. Associated Coal Corp. v. Massey, 373 F.3d 530, 533 (4th Cir.2004)* ("[A] union-negotiated CBA may waive an employee's statutory right to litigate his employment discrimination claims in a judicial forum.").

In short, there is nothing that has changed in the nine years since *Wright* or the seven years since *Rogers* that compels us to reverse our ruling in *Rogers* that arbitration provisions contained in a CBA, which purport to waive employees' rights *94 to a federal forum with respect to statutory claims, are unenforceable.[FN5]

> FN5. The case before us illustrates why the Supreme Court may be reluctant to treat arbitration provisions in CBAs the same as arbitration provisions in individual contracts. If, as plaintiffs allege, the Union refused to submit the wrongful transfer claims to arbitration because the Union had agreed to the new contract, the interests of the Union and the interests of plaintiffs are clearly in conflict. See *Gardner-Denver, 415 U.S. at 58 n. 19, 94 S.Ct. 1011* ("[T]he interests of the individual may be subordinated to the collective interests of all employees in the bargaining unit.").

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

498 F.3d 88 Page 6
498 F.3d 88, 182 L.R.R.M. (BNA) 2359, 90 Empl. Prac. Dec. P 42,937
**(Cite as: 498 F.3d 88)**

## CONCLUSION

For the foregoing reasons, the order of the District Court is affirmed.

C.A.2 (N.Y.),2007.
Pyett v. Pennsylvania Bldg. Co.
498 F.3d 88, 182 L.R.R.M. (BNA) 2359, 90 Empl. Prac. Dec. P 42,937

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.