LITTLER MENDELSON
A Professional Corporation
A. Michael Weber (AW-8760)
Attorneys for Defendant Tavern on the Green Limited Partnership
d/b/a Tavern on the Green
885 Third Avenue, 16th Floor
New York, New York 10022.4834
212.583.9600

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>TAVERN ON THE GREEN LTD. P'SHIP (D/B/A TAVERN ON THE GREEN),<br><br>Defendant. | EFC CASE<br><br>Civil Action No. 07 CV 8256 (CM) (AJP)<br><br>**AMENDED ANSWER** |

Defendant, Tavern on the Green Limited Partnership, d/b/a Tavern on the Green, ("Defendant" or "Tavern"), by their attorneys, Littler Mendelson, P.C., hereby answers the Complaint of the Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") as follows:

**NATURE OF THE ACTION**

Tavern admits that the EEOC purports to bring this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 on behalf of Martha Nyakim Gatkuoth ("Gatkuoth") and an alleged class of similarly situated employees for alleged claims of harassment on the basis of sex (female), race (Black), and/or national (Hispanic). Tavern, however, denies that (i) it harassed or discriminated against Gatkuoth, (ii) there exists a class of "similarly situated employees," (iii) it harassed or

discriminated against any member of the alleged class of similarly situated employees based on their sex, race, national origin, and/or any other characteristic prohibited by law, and (iv) it retaliated against Gatkuoth or any member of the alleged class of similarly situated employees for engaging in any protected activity under law. Tavern further denies that Plaintiff, Gatkuoth or any member of the alleged class of similarly situated employees who Plaintiff purports to represent, is entitled to any relief under Title VII or any federal, city, or state law.

## JURISDICTION AND VENUE

1. Denies the allegations contained in paragraph 1 of the Complaint, except states that the allegations contained in paragraph 1 of the Complaint constitute legal arguments and conclusions to which no response is required.

2. Denies the allegations contained in paragraph 2 of the Complaint.

## PARTIES

3. Denies the allegations contained in paragraph 3 of the Complaint, except admits only that the EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII.

4. Admits the allegations contained in paragraph 4 of the Complaint.

5. Denies the allegations contained in paragraph 5 of the Complaint, except states that the allegations contained in paragraph 5 of the Complaint constitute legal arguments and conclusions to which no response is required.

## STATEMENT OF CLAIMS

6. Denies the allegations contained in paragraph 6 of the Complaint, except admits only Gatkuoth filed a charge with the EEOC alleging violations of Title VII by

Defendant more than 30 days prior to the institution of this lawsuit.

7. Denies the allegations contained in paragraph 7 of the Complaint.

8. Denies the allegations contained in paragraph 8 of the Complaint, except states that the first sentence of paragraph 8 of the Complaint constitutes a legal argument and conclusion to which no response is required.

9. Denies the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint.

## PRAYER FOR RELIEF

Tavern denies that the EEOC, Gatkuoth or any member of the alleged class of similarly situated employees who the EEOC purports to represent, is entitled to any relief, including the remedies described and relief requested.

## AFFIRMATIVE DEFENSES TO THE COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

12. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

13. The monetary damages sought by Plaintiff on behalf of Gatkuoth and/or member of the alleged class of similarly situated employees are barred and/or must be reduced on account of the failure to take reasonable steps to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred, in whole or in part, because prior to filing the Complaint, Plaintiff failed to fulfill the conditions precedent for instituting this lawsuit,

including but not limited to the duty to conciliate in good faith with Defendant.

## FOURTH AFFIRMATIVE DEFENSE

15. At all times relevant hereto, Tavern has had in place and continues to have in place policies that expressly prohibit all forms of discrimination, harassment and retaliation in the workplace ("EEO Policies"). Tavern's EEO Policies are widely-distributed to all Tavern employees, contain effective complaint procedures and are adhere to by Defendant. To the extent Gatkuoth or any member of the alleged class of similarly situated employees experienced or believes to have experienced discrimination, harassment or retaliation of any kind, their claims are barred, in whole or in part, due to their unreasonable failure to avail themselves of the preventative and remedial measures made available to them by Defendant.

## FIFTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred, in whole or in part, based on the existence of a binding and enforceable Settlement and Release Agreement, pursuant to which certain members of the alleged class of similarly situated employees released and waived the claims that Plaintiff now purports to assert on their behalf.

## SIXTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred, in whole or in part, because any employment actions taken with respect to Gatkuoth or any member of the alleged class of similarly situated employees were based solely on legitimate, non-discriminatory, and non-retaliatory business reasons.

### SEVENTH AFFIRMATIVE DEFENSE

18. The Complaint fails to plead facts necessary to support a claim for an award of punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred, in whole or in part, because the relief Plaintiff seeks is moot.

### NINTH AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred, in whole or in part, by the doctrines or laches, estoppel and/or waiver.

### TENTH AFFIRMATIVE DEFENSE

21. To the extent Plaintiff seeks to bring Title VII claims against Tavern on behalf of an alleged class of similarly situated employees, such claims must be dismissed, in whole or in part, due to each alleged similarly situated employee's failure to exhaust his or her administrative remedies as required under the law.

### ELEVENTH AFFIRMATIVE DEFENSE

22. Because no discovery has been taken at this stage of the case, Defendant reserves the right to file and serve additional defenses, as appropriate.

WHEREFORE, Defendant respectfully requests that the relief sought by Plaintiff be denied and that the Complaint be dismissed with prejudice, together with costs, disbursements and reasonable attorneys' fees and such further relief as is just and proper.

                                          LITTLER MENDELSON, P.C.

                                          By: _____
                                          A. Michael Weber (AW-8760)
                                          Attorneys for Defendants
                                          885 Third Avenue
                                          New York, New York  10022
                                          212.583.9600

Dated: May 13, 2008
       New York, New York