LITTLER MENDELSON
A Professional Corporation
A. Michael Weber (AW-8760)
Attorneys for Defendant Tavern on the Green Limited Partnership
d/b/a Tavern on the Green
885 Third Avenue, 16th Floor
New York, New York 10022.4834
212.583.9600

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Intervenor-Plaintiff,<br><br>-against-<br><br>TAVERN ON THE GREEN LTD. P'SHIP (D/B/A TAVERN ON THE GREEN),<br><br>                Defendant.<br>----------------------------------------------------------<br>MARTHA NYAKIM GATKUOTH,<br><br>                Intervenor-Plaintiff. | <u>EFC CASE</u><br>Civil Action No. 07 CV 8256 (CM) (AJP)<br><br>**<u>AMENDED ANSWER TO COMPLAINT IN INTERVENTION</u>** |

Defendant, Tavern on the Green Limited Partnership, d/b/a Tavern on the Green, ("Defendant" or "Tavern"), by their attorneys, Littler Mendelson, P.C., hereby answers the Complaint of Martha Nyakim Gatkuoth ("Intervenor" or "Gatkuoth") as follows:

**PARTIES, JURISDICTION AND VENUE**

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, except admit that Gatkuoth is an adult female.

    2.    Admits the allegations contained in paragraph 2 of the Complaint.

3. Denies the allegations contained in paragraph 3 of the Complaint, except states that the allegations contained in paragraph 3 of the Complaint constitute legal arguments and conclusions to which no response is required.

4. Denies the allegations contained in paragraph 4 of the Complaint, except states that the allegations contained in paragraph 4 of the Complaint constitute legal arguments and conclusions to which no response is required.

5. Denies the allegations contained in paragraph 5 of the Complaint, except states that the allegations contained in paragraph 5 of the Complaint constitute legal arguments and conclusions to which no response is required.

6. Admits the allegations contained in paragraph 6 of the Complaint.

## STATEMENT OF CLAIMS

7. Denies the allegations contained in paragraph 7 of the Complaint, except admits that this action purports to seek recovery for damages arising from Defendant's alleged severe and pervasive harassment of Intervenor on the basis of her sex and/or race and/or national origin.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, except admits that Gatkuoth was hired in or about September 2003 and continues to be so employed until the present time.

9. Denies the allegations contained in paragraph 9 of the Complaint, except admits that Leon Drogy ("Drogy") was Tavern's former Director of Operations and for a period of time prior to April 2005 managed Tavern's day-to-day operations.

10. Denies the allegations contained in paragraph 10 of the Complaint, except

admits that at times Drogy's responsibilities included, but were not limited to, general supervision of the hostess staff and the creation of hostess scheduling.

11. Denies the allegations contained in paragraph 11 of the Complaint, except admits that Drogy ceased to be employed by Tavern in or about April 2005.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Intervenor was forced to seek professional psychological and psychiatric counseling and therapy.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

## EXHAUSTION OF REMEDIES

27. Denies the allegations contained in paragraph 27 of the Complaint, except states that the allegations contained in paragraph 27 of the Complaint constitute legal arguments and conclusions to which no response is required.

## FIRST COUNT

28. With regard to paragraph 28 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 27 as if each were fully set forth herein.

29. Denies the allegations contained in paragraph 29 of the Complaint, except states that the allegations contained in paragraph 29 of the Complaint constitute legal arguments and conclusions to which no response is required.

## SECOND COUNT

30. With regard to paragraph 30 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 29 as if each were fully set forth herein.

31. Denies the allegations contained in paragraph 31 of the Complaint, except states that the allegations contained in paragraph 31 of the Complaint constitute legal arguments and conclusions to which no response is required.

## THIRD COUNT

32. With regard to paragraph 32 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 31 as if each were fully set forth herein.

33. Denies the allegations contained in paragraph 33 of the Complaint, except states that the allegations contained in paragraph 33 of the Complaint constitute legal arguments and conclusions to which no response is required.

## FOURTH COUNT

34. With regard to paragraph 34 of the Complaint, Defendant repeats and realleges its responses to paragraphs 1 through 33 as if each were fully set forth herein.

35. Denies the allegations contained in paragraph 35 of the Complaint, except states that the allegations contained in paragraph 35 of the Complaint constitute legal arguments and conclusions to which no response is required.

## JURY TRIAL DEMANDED

36. Denies the allegations contained in paragraph 36 of the Complaint, except states that the allegations contained in paragraph 36 of the Complaint constitute legal arguments and conclusions to which no response is required.

Denies that Intervenor is entitled to any of the relief requested in the "WHEREFORE" clause of the Complaint, or to any relief at all, from Defendant.

## AFFIRMATIVE DEFENSES TO THE COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

37. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

38. The monetary damages sought by Intervenor are barred and/or must be reduced on account of her failure to take reasonable steps to mitigate her damages.

### THIRD AFFIRMATIVE DEFENSE

39. Intervenor's claims are barred, in whole or in part, because prior to filing the Complaint, Intervenor failed to fulfill the conditions precedent for instituting this lawsuit.

## FOURTH AFFIRMATIVE DEFENSE

40. At all times relevant hereto, Tavern has had in place and continues to have in place policies that expressly prohibit all forms of discrimination, harassment and retaliation in the workplace (hereinafter "EEO Policies"). Tavern's EEO Policies are widely-distributed to all Tavern employees, contain effective complaint procedures and are adhere to by Defendant. To the extent Intervenor experienced or believes to have experienced discrimination, harassment or retaliation of any kind, her claims are barred, in whole or in part, due to her unreasonable failure to avail herself of the preventative and remedial measures made available to her by Defendant.

## FIFTH AFFIRMATIVE DEFENSE

41. Intervenor's claims are barred, in whole or in part, because any employment actions taken were based solely on legitimate, non-discriminatory, and non-retaliatory business reasons.

## SIXTH AFFIRMATIVE DEFENSE

42. The Complaint fails to plead facts necessary to support a claim for an award of punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

43. Intervenor's claims are barred, in whole or in part, by the doctrines or laches, estoppel and/or waiver.

## EIGHTH AFFIRMATIVE DEFENSE

44. The Court lacks jurisdiction over Intervenor because her claims are covered by the arbitration procedures in the collective bargaining agreement covering Intervenor.

## NINTH AFFIRMATIVE DEFENSE

45. Because no discovery has been taken at this stage of the case, Defendant reserves the right to file and serve additional defenses, as appropriate.

WHEREFORE, Defendant respectfully requests that the relief sought by Intervenor be denied and that the Complaint be dismissed with prejudice, together with costs, disbursements and reasonable attorneys' fees and such further relief as is just and proper.

LITTLER MENDELSON, P.C.

By: _____
A. Michael Weber (AW-8760)
Attorneys for Defendants
885 Third Avenue
New York, New York 10022
212.583.9600

Dated: May 13, 2008
       New York, New York