UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION, :
                       Plaintiff, :
                                                  :
                       and : Civil Action No. 07 CV 8256
                                               : (~~GM~~) (AJP)
                                                :
MARTHA NYAKIM GATKUOTH :
                    Intervenor, :
                                                :
                    -against- :
                                              :
TAVERN ON THE GREEN LTD. P'SHIP :
(D/B/A TAVERN ON THE GREEN), :
                    Defendant. :
------------------------------------------------------------x

## CONSENT DECREE & JUDGMENT

This cause of action was brought on September 24, 2007 by Plaintiff Equal Employment Opportunity Commission ("EEOC") against Tavern on the Green Ltd. P'ship (d/b/a Tavern on the Green) ("Defendant"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. EEOC alleges that Defendant has engaged in a pattern or practice of discrimination, subjecting employees to severe or pervasive harassment and/or retaliation. Specifically, the Complaint alleges that Defendant subjected Charging Party Martha Nyakim Gatkuoth ("Charging Party") and other female employees to sexual harassment. The Complaint also alleges that Defendant subjected Black employees, including Charging Party, to racial harassment, subjected Hispanic employees to national origin harassment, and subjected employees to retaliation when they complained of and/or objected to the harassment. Defendant has denied EEOC's allegations, and this Consent Decree is not an admission of liability or wrong-doing.

The parties desire to settle this action and, therefore, stipulate and consent to the entry of this Decree as final and binding between the parties and their successors, assigns, subsidiaries, affiliates. The parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court. No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing, approved by all parties to this Decree and approved or ordered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

**GENERAL PROVISIONS**

1.  This Decree resolves all allegations raised in EEOC Charge Number 160-2006-00361 and all allegations raised in the Complaint filed by EEOC. This Decree in no way affects EEOC's right to process any pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as EEOC sees fit.

2.  The Court has jurisdiction over the subject matter and the parties to this action, venue is proper, and all administrative prerequisites have been met.

3.  No party shall contest the validity of this Decree.

4.  No party shall contest the jurisdiction of the United States District Court to enforce this Decree and its terms, or the right of EEOC or Defendant to bring an enforcement suit or proceeding on the breach of any term of this Decree by the other party.

5.  Defendant shall provide notice and a copy of this Decree to any successors, assigns, subsidiaries, and affiliates, and such entities shall be bound by this Decree.

**MONETARY RELIEF**

6. In settlement of this action, Defendant shall pay a total of 2.2 million dollars ($2,200,000), to be distributed amongst Claimants (described in Paragraph 8 below) and Charging Party ("Claim Fund"). All payments are to be made by Defendant no earlier than ninety (90) days from entry of this Decree. No part of this monetary amount will be spent on the costs of implementing this Decree or for any other injunctive relief put forth in this Decree.

**Charging Party**

7. Within sixty (60) days after the entry of this Decree, Defendant will pay to Charging Party the amount specified in the Settlement Agreement that has been entered into between Charging Party and Defendant ("Settlement Agreement") in resolution of this Complaint. This payment consists of compensatory damages and attorneys' fees as specified in the Settlement Agreement. In or about January or February of 2009, Defendant will provide Charging Party with Form 1099 and W-2 Statement reflective of the compensatory and backpay damages, respectively. Defendant will provide EEOC a copy of the check, Form 1099 and W-2 Statement concurrent with Defendant's providing them to Charging Party.

**Claimants' Fund**

8. The remainder of the Claim Fund will be distributed to Claimants ("Claimants' Fund"). Claimants are those individuals, other than Charging Party, who worked at any time for Defendant between January 1, 1999 and September 24, 2007 and who are 1) females subjected to sexual harassment, 2) Blacks subjected to racial harassment, and/or 3) Hispanics subjected to national origin harassment. Additionally, Claimants are those individuals, other than Charging Party, who worked at any time for Defendant between January 1, 1999 and September 24, 2007 and who were subjected to retaliation by Defendant because they objected to and/or refused to

consent to the forementioned sexual harassment, racial harassment, and/or national origin harassment. Notwithstanding the foregoing, an individual is eligible to be a Claimant only if s/he has communicated with EEOC regarding his or her claim by the date this Decree is filed with the Court. EEOC agrees to consider any information that Defendant may provide related to these Claimants, so long as Defendant provides EEOC any such information no later than twenty (20) days from receipt of notice from EEOC regarding the identity of the Claimants and whether their claims are based on sexual harassment, racial harassment, national origin harassment, and/or retaliation. EEOC may provide this notice either orally or in writing. Notwithstanding the foregoing, EEOC shall have complete discretion over the allocation of the Claimants' Fund.

9. No later than four (4) months of the entry of this Consent Decree, EEOC shall inform each Claimant of the amount that s/he would receive from the Claimants' Fund. Within thirty (30) days of such notification, each Claimant shall provide EEOC a fully executed release of his/her claim of discrimination, harassment, and/or retaliation under Title VII as raised in this Complaint. Any Claimant who does not provide a fully executed release to EEOC by the deadline shall forfeit his/her share of the Claimants' Fund. This forfeited share will be reallocated at the sole discretion of EEOC to one or more of those Claimants who have fully executed a release. Within thirty (30) days of receipt of all Claimant releases, EEOC shall provide Defendant all such releases and an itemization of the amount that each Claimant would receive from the Claimants' Fund. Within ten (10) days of receipt of the releases and the itemization from EEOC, Defendant shall distribute to Claimants by certified mail with return receipt, at the addresses provided by EEOC, the portion of the Claimants' Fund specified by EEOC. This payment to Claimants is for compensatory damages. In or about January or

February 2009, Forms 1099 shall be mailed to Claimants. A copy of the checks and Forms 1099 shall be sent to EEOC concurrently with Defendant's providing them to Claimants.

## INJUNCTIVE RELIEF

10. **Non-discrimination**

   a. Defendant and its agents are <u>enjoined</u> from discriminating against any individual because of his or her sex, race, and/or national origin in violation of Title VII.

   b. Defendant and its agents are further <u>enjoined</u> from retaliating against any individual for asserting rights under Title VII, including but not limited to complaining about discrimination, opposing discrimination, filing a charge, providing assistance or evidence or testifying in the investigation or litigation of this or any other charge of discrimination, or for asserting his or rights under Title VII.

11. **Policies and Procedures**

   a. Within fifteen (15) days of the entry of this Decree, Defendant will adopt, maintain and distribute to all of its employees the Anti-Discrimination and Retaliation Policy attached hereto as Exhibit A.

   b. Defendant will also distribute a copy of Exhibit A to all employees hired thereafter within five (5) days of the commencement of their employment, as well as redistributing this Policy to all employees annually.

12. **Training**

   a. Within fifty (50) days of the entry of this Decree, Defendant will provide the following training to the employees specified below:

   (i) three (3) hours of anti-discrimination training, including, but not limited to, training regarding harassment, racial discrimination, national origin discrimination,

and retaliation, for all non-management employees. Newly hired employees must undergo such training within thirty (30) days of the date of hire.

(ii) four (4) hours of anti-discrimination training, including, but not limited to, training regarding harassment, racial discrimination, national origin discrimination, and retaliation, for all managers and supervisors.

(iii) four (4) hours of anti-discrimination training, including, but not limited to, training regarding harassment, racial discrimination, national origin discrimination, and retaliation, for all newly hired, transferred, and/or promoted managers and supervisors such within thirty (30) days of the date of hire or promotion to the managerial position, unless s/he has already received training under Paragraph 12a(i) above within nine (9) months of obtaining the managerial or supervisory position, in which case s/he would receive an additional one (1) hour anti-discrimination training.

(iv) three (3) hours of training to Human Resources personnel and/or other managerial employees responsible for receiving and/or handling employee complaints, concerning sensitivity to employee complaints, appropriate handling of employee complaints, appropriate investigation of employee complaints, and appropriate resolution of employee complaints, as well as laws against discrimination and retaliation.

b. Defendant will thereafter provide three (3) hours of anti-discrimination and retaliation training for all employees, including managerial staff, every twelve (12) months, for the duration of this Decree. This training shall reiterate, explain and answer questions about federal anti-discrimination laws, as well as Defendant's policy prohibiting employment discrimination and retaliation.

c. The training sessions shall be conducted by attorneys from the Legal

Learning Group, a division of Littler Mendelson, P.C.

   d. Attendance sheets or records containing, but not limited to, the dates of attendance, name of attendees, identity of instructor, and agendas for the training shall be maintained.

13. **Postings**

   a. Within ten (10) days of the entry of this Decree, Defendant shall conspicuously post and maintain in all places where employee notices are posted, a copy of the Notice of Lawsuit and Settlement, in the form and with the content specified in Exhibit B attached hereto.

   b. Defendant will conspicuously display and maintain in its all places where employee notices are posted the EEOC poster, as required by federal law, outlining all applicable EEO-laws.

14. **Reporting and Monitoring**

   a. Within four (4) months of the entry of this Decree, and every twelve (12) months thereafter while the Decree remains in effect, Defendant will provide EEOC with a report containing a list of all complaints of discrimination and/or retaliation, either formal or informal, including the identity of the parties involved, a summary of each complaint, a summary of the steps taken during the investigation, the results of the investigation, and any disciplinary action taken.

   b. Within thirty (30) days of each training session pursuant to Paragraph 12 above, Defendant will forward to EEOC all attendance sheets or records containing, but not limited to, the dates of attendance, name of attendees, identity of instructor, and agendas for the training.

7

c.  EEOC may monitor Defendant's compliance with this Decree through the inspection of Defendant's premises and records and through interviews with employees upon prior notice to Defendant.

15. **No Rehiring**

Defendant and its agents are enjoined from rehiring any and all harassers, including Leon Drogy. Defendant and its agents are further enjoined from rehiring Bruce Allan Kurtz, and John Reardon.

16. **Complaint Hotline**

In addition to the complaint procedure specified in Exhibit A, within six (6) months of entry of the Decree, Defendant will establish a hotline where employees may contact to raise any discrimination complaint. Any and all such complaints, as well as any and all actions taken by Defendant in response to such complaints, will be recorded in a central log maintained by Defendant. This shall be subject to inspection by EEOC, consistent with Paragraph 14 above.

17. This Decree constitutes the complete understanding between EEOC and Defendant. No other promises or agreements shall be binding unless agreed to in writing and signed by these parties.

18. This Decree will remain in effect for five (5) years from the date of entry. This action shall be dismissed, but the Court shall retain jurisdiction over this matter for the duration of the Decree.

SO ORDERED, ADJUDGED AND DECREED this 3d day of June, 2008.

_____
Hon. Andrew J. Peck, U.S.M.J.
HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

**BY FAX**

| FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | FOR DEFENDANT TAVERN ON THE GREEN LTD. P'SHIP |
|---|---|
| *[signature]* | *[signature]* |
| Elizabeth Grossman<br>Regional Attorney | Michael Desiderio<br>Managing Director, Tavern on the Green |

Lisa Sirkin
Supervisory Attorney

Kam S. Wong
Senior Trial Attorney
Equal Employment
Opportunity Commission
33 Whitehall Street, 5th Floor
New York, New York 10004
(212) 336-3703 (T)
(212) 336-3623 (F)
Kam.wong@eeoc.gov

# Tavern on the Green L.P.

## Equal Employment Opportunity Statement and Policy Against Harassment and Discriminatory Practices Including Sexual Harassment and Retaliation

### (May 2008)

Tavern on the Green L.P. ("Tavern") is committed to a work environment in which all individuals are treated with respect and dignity. Each individual has the right to work in a professional atmosphere that promotes equal employment opportunities and prohibits all discriminatory practices, including harassment and retaliation. Therefore, Tavern expects that all relationships among persons in the workplace will be professional and free of bias, prejudice and harassment.

### Equal Employment Opportunity Statement

Tavern is an equal employment opportunity employer. Employment decisions are based on merit, business needs and the rules of the Collective Bargaining Agreement (where applicable), and not on race, color, national origin, ancestry, gender, pregnancy, sexual orientation or preference including transgender (actual or perceived), age, religion, physical or mental disability, marital status, veteran's status, citizenship, or any other characteristic protected by law. Tavern complies with the law regarding reasonable accommodation for applicants and employees with a disability. This policy applies to all terms and conditions of employment, including but not limited to hiring, placement, promotion, termination, layoff, recall, transfer, leaves of absence, compensation, and training.

### Definitions of Harassment

a. **Sexual Harassment:** Sexual harassment constitutes discrimination and is illegal under federal, state and local laws. For the purpose of this policy, sexual harassment is defined, as stated in the Equal Employment Opportunity Commission Guidelines, as unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature for person of either gender, including same sex harassment, when, for example: (i) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; (ii) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting the employee, or (iii) such conduct has the purpose or effect of interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

Sexual harassment may include a range of subtle and overt behaviors and may involve individuals of the same or different genders. The harasser can

be the victim's supervisor, an agent of the employer, a supervisor in another area, a coworker, or a non-employee. In addition, the victim does not have to be the person harassed but could be anyone affected by the offensive conduct.

Depending on the circumstances, conduct that may constitute sexual harassment includes, without limitation:

*Verbal conduct* of a sexual nature such as talking about sex or sexual feelings, use of vulgar or crude expressions with sexual connotations, telling sexual jokes or stories, asking personal questions about dating or sexual life, making sexual comments or innuendoes, whistling or making other suggestive sounds, repeatedly asking for dates or other personal attentions;

*Nonverbal conduct* of a sexual nature such as displaying materials with sexually suggestive words or pictures (including through company e-mail or the Internet), making sexual gestures, giving gifts or other items of a sexual or personal nature, staring at a person's body or clothing, looking a person up and down, blocking a person's path, hindering a person's movement, invading a person's space by standing closer than appropriate under the circumstances.

*Physical conduct* of a sexual nature such as touching, kissing, hugging, massaging, pinching, brushing up against another person, having sex or attempting to have sexual relations with another person.

Although the intent of the person engaging in the conduct may be harmless or even friendly, it is whether the conduct is welcomed or not by the recipient of the conduct, not the intent of the person engaging in the conduct, that is relevant to whether the conduct is harassment. Remember the unwelcomeness of sexual conduct may not always be apparent. "Putting up with" or submission to sexual conduct does not necessarily mean the conduct is welcomed.

Tavern urges all of its employees to refrain from engaging in any conduct of a sexual nature with other employees and specifically prohibits all of its employees from engaging in any conduct of a sexual nature, even if consensual, in the restaurant (which is located at Central Park West at West 67th Street, New York City the "Restaurant"), outside the Restaurant on the Restaurant's grounds, or in any work-related setting outside of the workplace. Tavern reserves the right to take immediate corrective action including but not limited to suspension or termination against anyone who violates this policy.

b. **Other Prohibited Forms of Harassment:** Harassment on the basis of any other protected characteristic is also strictly prohibited. Under this policy, harassment is verbal or physical conduct that denigrates, demeans or shows hostility or version toward an individual because of his/her race, color, religion, gender, national origin, ancestry, age, physical or metal disability, citizenship, sexual orientation or preference including transgender (actual or perceived), marital status, pregnancy, veteran's status, or any other characteristic protected by law and that: (i) has the purpose or effect of creating an intimidating, hostile or offensive work environment; (ii) has the purpose or effect of interfering with an individual's work performance; or (iii) otherwise adversely affects an individual's employment opportunities.

Harassing conduct includes, but is not limited to: epithets, slurs or negative stereotyping; threatening, intimidating or hostile acts; denigrating jokes and display or circulation in the workplace of written or graphic material that denigrates, demeans or shows hostility or aversion toward an individual or group.

Tavern expects its employees, and all those who deal with its employees, to treat others with courtesy and respect appropriate in the work setting.

**Does My Conduct Constitute Harassment?** If you are not sure if your conduct might be harassment prohibited by Tavern, you should ask yourself the following questions:

1. Would I engage in that conduct if my boss were present?
2. Would I engage in that conduct if someone with whom I have a close relationship (e.g., spouse, daughter, son, mother, father, sister, brother) were present?
3. Would I engage in that conduct if an audio or video recording were being made of me?
4. Would it be acceptable to me if someone else engaged in that conduct toward my daughter, son, spouse, mother, father, sister or brother?
5. Would I want my conduct to be described in detail in a company memorandum or in the local press?

If your answer is "no" to *any* of these questions, then the conduct is questionable and may likely constitute the type of harassing conduct that you should not engage in during the course of your employment with Tavern.

In particular, with respect to sexual harassment, a friendly, humorous, or harmless intent in engaging in sexual conduct will not keep the conduct from being categorized as sexual harassment. If the conduct is sexual in

nature and is unwanted and unwelcome by others, it may be deemed to be sexual harassment.

Although all sexual conduct may not rise to the level of being illegal sexual harassment, Tavern policy prohibits all conduct of a sexual nature in the work setting. Similarly, although a single racial epithet or other discriminatory or prejudicial remark may not constitute illegal racial harassment, this policy against harassment prohibits all unwanted or inappropriate conduct based on race, color, national origin, ancestry, gender, pregnancy, religion, age, sexual orientation or preference including transgender (actual or perceived), marital status, veteran's status, mental or physical disability, citizenship, marital status, or any other characteristic protected by law.

### **Individuals and Conduct Covered**

These policies apply to all Tavern's job applicants and employees, and prohibit harassment, discrimination and retaliation whether engaged in by management or Union employees.

Conduct prohibited by these policies is unacceptable in the workplace (both within the Restaurant and outside of the Restaurant on the Restaurant's grounds) and in any work related setting outside the workplace. Any individual(s) who violate any of these policies will be subject to disciplinary action up to and including termination of employment with Tavern.

### **Retaliation is Prohibited**

Tavern prohibits retaliation against any individual who reports discrimination or harassment or participates in an investigation of such reports. Retaliation includes any action taken in an effort to punish an individual or negatively impact an individual's employment conditions or opportunities as a result of such individual's report of discrimination or harassment. Retaliation against an individual for reporting harassment or discrimination is a serious violation of this policy and, like harassment or discrimination itself, will be subject to disciplinary action up to and including termination of employment with Tavern.

### **Reporting an Incident of Harassment, Discrimination or Retaliation**

Tavern strongly urges the prompt reporting of all incidents of discrimination, harassment or retaliation, regardless of the offender's identity or position and regardless whether complaints have already been made to the Union. Individuals who have experienced or witnessed conduct that they believe is contrary to Tavern's policy or who have concerns about such matters should file their complaints with either (1) Michael Desiderio, the Managing Director, at 212-501-4484; or (2) Jennifer Roth, the Director of Human Resources, at 212-873-3200

ext. 240; or (3) Billy Zambrotto, the General Manager, at 212-873-3200 ext. 206. Individuals should not feel obligated to file their complaints with any of the individuals set forth above if they believe that person has taken a part in any way, whether actively or passively, in the offending conduct.

Early reporting and intervention have proven to be the most effective method of resolving actual or perceived incidents of harassment. Therefore, while no fixed reporting period has been established, Tavern strongly urges the prompt reporting of complaints of concerns so that rapid and constructive action can be taken.

The availability of this complaint procedure does not preclude individuals who believe they are being subjected to harassing conduct from promptly advising the offender that his or her behavior is unwelcome and requesting that it be discontinued and doing so is strongly encouraged by Tavern to the extent that the individuals feel comfortable doing so.

### The Investigation

Any reported allegations of harassment, discrimination or retaliation will be investigated promptly by Tavern. The investigation may include individual interviews with the parties involved and, where necessary, with individuals who may have observed the alleged conduct or may have other relevant knowledge. As discussed above, Tavern prohibits retaliation against any individual who reports discrimination or harassment or participates in an investigation of such reports.

While every effort will be made to conduct the investigation in a manner designed to protect the privacy of the persons involved, in order to conduct a thorough investigation confidentiality can only be maintained to the extent consistent with adequate investigation and appropriate corrective action.

### Responsive Action

If, after investigation, it is determined that discrimination, harassment or other inappropriate conduct has occurred, the complainant will be notified and appropriate action will be taken to remedy the problem. Responsive action may include, for example, training, referral to counseling and/or disciplinary action such as a warning, reprimand, withholding of a promotion or pay increase, reassignment, temporary suspension without pay, or termination, as Tavern in its discretion and in accordance with the law determines to be appropriate under the circumstances.

If the complaining party's allegations of discriminatory conduct or harassment are not substantiated, the complainant will be notified and Tavern will take action appropriate to ensure a safe and respectful working environment for all parties.

### Acknowledgment

Please acknowledge that you have read and will abide by this Equal Employment Opportunity Statement and Policy Against Harassment and Discriminatory Practices Including Sexual Harassment and Retaliation by signing the attached Acknowledgement and providing it to Jennifer Roth, who will place it in your personnel file.

Individuals who have questions or concerns about this Policy are encouraged to speak with Ms. Roth or Mr. Desiderio.

## ACKNOWLEDGMENT

I acknowledge that I have received a copy of the Equal Employment Opportunity Statement and Policy Against Harassment and Discriminatory Practices Including Sexual Harassment and Retaliation (May 2008), and have had an opportunity to read this policy in its entirety, and I understand that it is my responsibility to understand and comply with it.

I also understand that, if I have questions about this Policy, it is my responsibility to talk about those questions with the representatives of Tavern, Jennifer Roth or Michael Desiderio, and/or to report any conduct that I believe may constitute harassment, discrimination or retaliation as set forth in the Reporting Requirements of this Policy.

I also understand that if I become aware of any conduct that I believe may be discrimination, harassment or retaliation, that I should report that conduct immediately to the appropriate person(s) as set forth in the Policy: either (1) Michael Desiderio, the Managing Director, at 212-501-4484; or (2) Jennifer Roth, the Director of Human Resources, at 212-873-3200 ext. 240; or (3) Billy Zambrotto, the General Manager, at 212-873-3200 ext. 206. I also understand that I cannot be retaliated against for making a complaint about what I believe to be discrimination or harassment.

I agree to comply with all of the terms and conditions of this Policy as a condition of my employment.


_____
NAME (printed)


_____
SIGNATURE


Date: _____, 2008



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE TO ALL EMPLOYEES

This Notice is posted pursuant to a Consent Decree between the U.S. Equal Employment Opportunity Commission (EEOC) and Tavern on the Green Ltd. P'ship (d/b/a Tavern on the Green) (Defendant) in resolution of Case No. 07CV8256(CM)(AJP). In that lawsuit, EEOC alleged that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). Specifically, EEOC alleged that Defendant engaged in a pattern or practice of discrimination by subjecting female employees to sexual harassment, subjecting black employees to racial harassment, subjecting Hispanic employees to national origin harassment, and engaging in retaliation against those who object to and/or refuse to consent to the harassment.

Federal law and this Consent Decree prohibit discrimination against an employee or an applicant for employment based on the national origin, race, religion, sex, color, age or disability status of the employee or applicant. Federal law and this Consent Decree also prohibit retaliation against people who have complained of or opposed discriminatory practices.

Pursuant to the Consent Decree, Defendant is enjoined from discrimination or retaliation. Additionally, Defendant is required to establish a hotline for any employee complaint of discrimination. Furthermore, Defendant is required to distribute its revised anti-discrimination policy and provide training to all employees concerning laws against discrimination and retaliation, its policies against discrimination and retaliation, and its procedures for making a complaint.

If you have a complaint of employment discrimination or questions regarding laws prohibiting employment discrimination, you may contact:

> U.S. Equal Employment Opportunity Commission
> 33 Whitehall Street, New York, New York 10004-2112
> Phone: 1-212-336-3620
> TTY (for persons with hearing impairments): 1-800-669-6820
>
> Or call: 1-800-669-4000

***THIS IS AN OFFICIAL NOTICE AND MUST NOT BE CHANGED***
***IT MUST REMAIN POSTED UNTIL (Date five years after entry of Decree)***